[No. 9274.  Department One.  June 17, 1911.]

WILLIAM E. DAVIDSON, *Appellant*, v. TIMES PRINTING
COMPANY, *Respondent*.[1]

REWARDS—CONDITIONS OF OFFER—DECISION OF DISPUTES—CONCLU-
SIVENESS.  Where a newspaper's advertising reward was offered upon
condition that it should be the sole judge of any dispute and that
its decision must be accepted as final, an action cannot be maintained
by one claiming the reward, where the fact of his earning the re-
ward was disputed, and the paper investigated the claim and re-
jected it, especially in the absence of fraud.

SAME—EARNING OF REWARD—FRAUD.  Where a newspaper of-
fered a reward of $500 to the person who would first arrest one
whose pictures were published in the paper, the paper to be the
sole judge of disputes arising or the interpretation of the rules of
the contest, the paper is justified in denying the claim of one who
made the arrest through information obtained by collusion with an
unfaithful servant of the person sought, on the ground of unfair
dealing.

DUNBAR, C. J., and GOSE, J., dissent.

Appeal from a judgment of the superior court for King
county, Gay, J., entered June 28, 1910, in favor of the
defendant, notwithstanding the verdict of a jury rendered
in favor of the plaintiff, in an action to recover an award.
Affirmed.

*Edward Judd*, for appellant.

*Bausman & Kelleher*, for respondent.

MOUNT, J.—This action was brought by the plaintiff, to
recover from defendant $500, being the amount of a reward
offered by defendant for the capture of one Donohue under
the name of "Mr. Raffles."  The complaint alleged the offer
and capture according to the terms of the offer, and the re-
fusal by the defendant to pay the reward.  The answer ad-
mitted the offer of reward, but denied that the capture had

[1]Reported in 116 Pac. 18.

19—63 WASH.

been made by the defendant; and as an affirmative defense, the answer alleged that the plaintiff, in collusion with an employee of Mr. Donohue, learned of the residence of Mr. Donohue, and attempted to gain admission thereto, which was refused, and that plaintiff did not comply with the terms of the offer of reward but made a claim thereto; that defendant investigated plaintiff's claim, which was disputed by Mr. Donohue, and inquired into all the facts, and concluded in good faith that the plaintiff did not capture Mr. Donohue, and did not earn the reward. Upon these issues the case was tried to the court and a jury. At the conclusion of the evidence, the defendant moved the court for a directed verdict. This motion was in effect denied, and the case was submitted to the jury. A verdict was returned in favor of the plaintiff for the full amount. The court thereupon granted a judgment for defendant notwithstanding the verdict. The plaintiff appeals.

The evidence shows that the defendant company, in May, 1907, for the purpose of increasing the circulation of its newspaper, offered rewards as follows:

"Conditions of $500 Reward.

"If you think you have Raffles spotted, say to him: 'You are the mysterious Mr. Raffles of The Morning Times.' If you have the right man, he will at once admit his identity and accompany you to the Times office where you will be immediately paid the sum you have earned. Notice carefully:

"(1)   $500 reward will be paid for the capture of Raffles if you can produce a receipt from the Times showing that you have subscribed and paid for the Morning and Sunday Times for six months in advance, provided such receipt is dated May 24, 1907, or later.

"(2)   $300 reward will be paid for the capture of Raffles, provided you have subscribed for The Morning and Sunday Times for three months in advance under the conditions set forth above.

"(3)   $200 reward will be paid for the capture of Raffles, providing you have in your hand a copy of the morning edition of The Times for the current date at the time you

make the capture, regardless of whether you are a sub-scriber or purchaser of any edition of The Times.

"(5)  You are not entitled to any reward if you do not use exactly the words given above in capturing Mr. Raffles. 'You're Raffles!' will not bring any response, even if you have spotted the right man.

"(6)  The Morning Times is sole judge of any dispute arising over the reward or the interpretation of these rules and its decision on any point connected with the Raffles con-test must be accepted as final.

"(7)  Pictures of Raffles will appear only in The Morn-ing and Sunday Times."

The plaintiff, soon after this offer was made, was in-formed of the residence of Mr. Donohue by a person who was at that time, or formerly had been, in the employ of Mr. Donohue. This person took the plaintiff out to the place where Mr. Donohue lived and concealed the plaintiff near the house, and called Mr. Donohue out so that the plaintiff could see him. Thereupon the plaintiff went to the Times office and subscribed for the paper. He thereafter disguised himself as a plumber, and went to the house and stated that he had been sent there to repair some plumbing. He was refused admittance at the front door, but testifies that Mr. Donohue admitted him by the back way; that thereupon he placed his hands upon Mr. Donohue and said: "You are the mysterious Mr. Raffles of the Morning Times;" that there-upon Mr. Donohue ejected him from the house, and that he immediately returned to the Times office and claimed the reward; that a man was sent out with him to investigate the facts; that an investigation was made, and the payment of the reward was refused. The plaintiff read in evidence a deposition of Mr. Donohue. This deposition was taken by the defendant, but was offered in evidence by the plaintiff. Mr. Donohue in this deposition testified that the plaintiff came to the house disguised as stated, but that he refused him admission; that the plaintiff did not see him, and did

not accost him as required by the offer, and that he so reported to the defendant upon the investigation.

We are satisfied that the trial court should have directed a verdict, for two reasons: (1) The defendant had a right to attach such conditions to the offer of reward as it saw fit, and require the terms to be strictly complied with. It accordingly had a right to make itself the sole judge of any dispute arising over the reward, and provide that its decisions made in good faith should be final. 34 Cyc. 1731; 24 Am. & Eng. Ency. Law (2d ed.), 924; *Amis v. Conner*, 43 Ark. 337; *Williams v. West Chicago St. R. Co.*, 191 Ill. 610, 61 N. E. 456, 85 Am. St. 278; *Besse v. Dyer*, 9 Allen 151, 85 Am. Dec. 747. The evidence here shows that a dispute did arise between the plaintiff and Mr. Donohue over the reward. The former claimed that he had made the arrest as prescribed in the offer of reward, and the latter denied that the plaintiff had seen or accosted him as required. The defendant settled the dispute by deciding against the plaintiff after an investigation. This, it seems, is conclusive of the plaintiff's right, especially in the absence of fraud. The record in the case shows that there were some thirty claims made for the reward by persons who alleged that they had discovered the man, but upon investigation it was determined that they had not accosted the right man. This simply shows the necessity of the condition that the defendant be the judge of disputes arising upon such claims. The record also shows that subsequently the reward was claimed and paid to the rightful claimant. Furthermore, the offer was open to the public, and was intended to be conducted fairly by the contestants. The plaintiff, in collusion with an unfaithful employee of Mr. Donohue, learned of the residence of Mr. Donohue, and by such unfair means attempted to secure the reward. Even if he apprehended Mr. Donohue, under these conditions defendant would have been justified in denying plaintiff's claim, upon the ground of unfair dealing.

We are satisfied, therefore, that there was no question

under the evidence to be submitted to the jury, and the judgment is affirmed.

PARKER and FULLERTON, JJ., concur.

GOSE, J. (dissenting)—Whether the appellant captured the "Mysterious Mr. Raffles" was a question of fact to be determined by the jury. If he did, and otherwise complied with the terms of the offer, he earned the reward, and his claim could not be arbitrarily rejected. The respondent, like any other arbitrator, was required to use good faith in considering the appellant's claim. The question whether, under all the evidence, the claim was rejected in good faith was one of fact for the jury. If the reward was earned and the claim arbitrarily rejected, the appellant has a good cause of action. Nor do I think that the appellant was guilty of such collusion as to preclude a recovery. Whether he acquired the information before or after assuming the role of the detective is a question of ethics and not of law. I therefore dissent.

DUNBAR, C. J., concurs with GOSE, J.