John E. Groves, Appellant, v. Carolene Products Company, Appellee.

Gen. No. 9,435.

Opinion filed October 26, 1944. Released for publication November 21, 1944.

JOHN E. GROVES, of Chicago, *pro se.*

M. J. Brown, of Hillsboro and Harry C. Stuttle, of Litchfield, for appellee.

Mr. Presiding Justice Dady delivered the opinion of the court.

In February 1942, the defendant advertised in a newspaper that it would give a first prize of a $1,000 Defense Bond or $750 in cash to the person entering such contest who would make and submit the longest list of correct words out of the letters contained in the phrase "Milnot Whips."

Plaintiff entered the contest and submitted a list of words. He was awarded a $2 prize which he refused to accept, and has brought this suit claiming that he is entitled to the first prize of $750.

The trial court sustained defendant's motion to strike the sixth amended complaint. Plaintiff elected to stand by his complaint, and thereupon the court dismissed the suit. Plaintiff appeals.

Each of the three counts of such complaint alleged the making of such advertisement and by reference made the same a part thereof, a copy of which was attached to the complaint and marked Exhibit "A."

So far as is material, the advertisement also provided that "Whoever builds the most words wins a U. S. Defense Bond worth $1,000 at maturity. Prizes will be awarded for the most complete list of words . . . . But remember if one contestant has the longest list of correct words, she will be declared the winner . . . . Use any dictionary, but all words must be listed in Webster's New International Dictionary. List a word only once regardless of definitions. Omit proper names, foreign words and plurals. . . . Decision of the judges will be final."

The first count further alleged that plaintiff built out of the letters contained in such phrase the most complete and longest list of correct words submitted by any contestant, and mailed said list to and said list was

received by defendant within the time specified in the advertisement; that such advertisement required that the winner should be selected by persons styled "judges"; that the defendant for this purpose employed The Reuben H. Donnelley Corporation of Chicago, an advertising agency, which in turn selected three of its own employees to do the checking, grading, examining and judging of all submitted word lists and select the winners; that it was the duty of the defendant and its aforesaid agent to employ competent, trustworthy and skilled persons, so that their selection would be free from gross error, gross and material mistakes; that on the contrary the so-called judges were unfit, unqualified and wholly incompetent for such work; that said judges selected a winner of the first prize who submitted a word list containing 139 less correct words than were contained in plaintiff's submitted list; that plaintiff advised defendant he elected to receive cash instead of a bond, and that by reason thereof the defendant was indebted to the plaintiff in the sum of $750 with interest.

The second count adopted all of the material allegations of count one and further alleged that said judges were guilty of misconduct amounting to fraud, in that they did not meet *en banc* but once or twice, and did not individually or collectively check, grade or examine each word in each word list submitted; that two of the judges delegated all of their duties to one of their number, who did all the checking, marking, grading and examining, that after the work of this one judge was finished and the winner selected by him, the other two judges simply okayed the work of such one judge, that by reason of such fraudulent conduct plaintiff was defrauded out of the first prize, and by reason thereof the defendant had not kept its promise to pay the plaintiff the sum of $750 or any part thereof.

The third count, so far as is material, alleged the making of such advertisement by the defendant, the

furnishing of such list by the plaintiff, and the acceptance thereof by the defendant, that the list of the plaintiff contained more correct words than the list of any other contestant, and that by reason thereof the defendant became liable to the plaintiff, etc.

Counts one and two, by reference made Exhibit "B," attached to such complaint, a part of such counts.

Such Exhibit "B" stated that "The following is a list of correct words not prohibited by the rules of the contest as shown in Exhibit 'A,' which words are in the word list of plaintiff herein and are not contained in the word list of the alleged winner of the first prize, to-wit:" (Here follows a list of alleged words.) Exhibit "B" then stated, "The following correct words are in the list of the alleged first prize winner and are not in plaintiff's list of words, to-wit:" (Here follows a list of alleged words.) Exhibit "B" further stated, "Plaintiff's list of complete words exceeds that of the first prize winner by 139. All other words in the plaintiff's list and that of the first prize winner are held in common or are incorrect.".

Although the defendant's motion to strike consists of nine closely typewritten pages, yet in reviewing the action of the trial court in disposing of such motion, we consider it only necessary to consider and dispose of the contentions raised and argued in the printed brief and argument of the defendant in support of such action of the trial court.

The first contention of the defendant is that the sixth amended complaint sets forth substantially the same cause of action as the five preceding complaints set forth, and inasmuch as the trial court sustained a motion to strike each of the preceding five complaints, it should properly dismiss the sixth amended complaint. We do not consider that this point is preserved for review. We have carefully read defendant's motion to strike, as the same appears both in the printed abstract and in the original transcript of the proceedings, and

we do not find therein any claim or contention that the sixth amended complaint was the same or substantially the same as any preceding complaint.

The defendant next contends that, "The rule of the contest, that the decision of the judges would be final, is valid and binding upon plaintiff."

In support of such contention the defendant quotes from 24 *Amer. Jurisprudence,* p. 476, wherein it is said: "Generally, where, by the rules of the contest, the decision of the judges is to be final, unless there is fraud present in such decision or unless the decision is not made in accordance with the rules, the courts will not interfere with the decision of the contest judges." Such text in 24 *Amer. Jurisprudence* cites only three cases in support thereof, *viz: Davidson v. Times Printing Co.,* 63 Wash. 577, 116 Pac. 18; *Minton v. F. G. Smith Piano Co.,* 36 App. D. C. 137, 33 L. R. A. (N. S.) 305, and *Smead v. Stearns,* 173 Iowa 174, 155 N. W. 307.

In the *Davidson* case the court said: "The defendant had a right to attach such conditions to the offer of reward as it saw fit, and require the terms to be strictly complied with. It accordingly had a right to make itself the sole judge of any dispute arising over the reward, and provide that its decisions, made in good faith, should be final. . . . The defendant settled the dispute by deciding against the plaintiff after an investigation. This, it seems, is conclusive of the plaintiff's right, especially in the absence of fraud." The *Davidson* case was a three to two decision, the dissenting opinion saying that "If the reward was earned and the claim arbitrarily rejected, the appellant has a good cause of action."

In the *Minton* case the trial court sustained a demurrer to the declaration. The Supreme Court said: "The argument that he (the plaintiff) does not show that he was a winner in the proposed contest for prizes is founded upon the contention, sustained by the

learned trial justice, that he was bound by the award of the judges of the contest, unless there was a fraudulent award by them, which has not been alleged. The acceptance by plaintiff and his agreement to abide by the decision of the judges binds him, in the absence of allegations of a fraudulent award, to accept their decision in the matters properly submitted to them under the terms of the offer, which became a contract by plaintiff's compliance with its terms. The authority of the judges of the contest must be determined by the terms of the published offer and rules governing the contest. These must be given a reasonable interpretation, and in case of ambiguity in any particular, the construction should favor the acceptor rather than the proposer who prepared and submitted the offer. . . . All that the judges were required to do was to compare the number of dots given in the answer with the number contained in the sealed envelope submitted by the manufacturers. . . . Their duty was fully performed when they found and reported that the number given in the answer was the correct one. Everything beyond that was superfluous. The actual finding that plaintiff had given the correct number in his answer entitled him either to the special first prize offered, or, in case of a tie with others, to a premium of equal value. It was not necessary for him to allege fraud in the award of the judges in respect of a matter not submitted to their judgment by the terms of the offer as published and accepted.''

In the *Smead* case the court said, ''It follows, therefore, that the publisher offering the prize and the candidates entering the contest assume mutual obligations and duties which the law will recognize and enforce, and the candidate who, when the ballot is closed, is shown to have earned the largest vote in accordance with the rules, is entitled to demand and receive the promised reward. . . . There is nothing in the terms of the offer in this case by which the defendant could

empower or authorize the canvassing board to count and give effect to ballots which were manifestly invalid. . . . The duty of such board or committee was purely ministerial, and it could no more permit the terms of the contest to be ignored than could the defendant himself.''

The foregoing are the only authorities called to our attention which we consider in point. In our opinion such citations do not support the defendant's contention that under the admitted facts in the present case the decision of the judges was final, but, on the contrary, it is our opinion that such citations support the contention of the plaintiff that his complaint states a good cause of action.

Each count of the complaint sufficiently charges and the motion to strike admits that the plaintiff duly made out and submitted the most complete and longest list of correct words made out of the letters in question. Assuming such alleged facts to be true, then in our opinion the plaintiff was entitled to the first prize, regardless of the decision of the so-called judges. The rules of the contest did not give such judges any discretion in passing on or granting such award. While, as stated in the *Minton* case, it was not necessary for the plaintiff to allege fraud in the award of the judges in respect of a matter not submitted to their judgment by the terms of the offer as published and accepted, yet, in our opinion, each of the first and second counts of the complaint sufficiently charges such fraud and misconduct on the part of the judges as to vitiate and make void their award.

Defendant next contends that inasmuch as the plaintiff listed the words in his Exhibit ''B'' and made the same a part of his complaint, the trial court could and this court of review should refer to and examine the dictionary in question for the purpose of refreshing its knowledge or recollection and thereupon determine whether the words relied upon by the plaintiff are

proper words under the rules of the contest. With this contention we do not agree. It is our opinion that before an issue is formed by an answer being filed to a complaint, neither the trial court nor this court can properly inquire into the evidence.

It is our opinion that the trial court erred in allowing the motion to strike.

This cause is reversed and remanded with directions to the trial court to deny the motion to strike and for further proceedings consistent with this opinion.

*Reversed and remanded with directions.*