Archibald Palmer, New York City, for Universal Laboratories, Inc. (for the motion).

Geller & Saslow, New York City, for plaintiffs in opposition to the motion.

9. Lucien Lelong, Inc. v. Lenel, Inc., et al., 5 Cir., 181 F.2d 3.

CONGER, District Judge.

Motion to compel plaintiffs to give security pursuant to section 61-b of the N.Y. General Corporation Law, McK.Consol. Laws, c. 23.

The motion is granted upon the authority of Cohen v. Beneficial Industrial Loan Corporation, 337 U.S. 541, 69 S.Ct. 1221, 93 L. Ed. 1528. Security is fixed in the sum of $35,000.

The defendant Universal has not acquiesced in plaintiffs' suggestion that the suit be dismissed. I see no reason, therefore, why such suggestion be entertained. If the defendant desires it may incorporate a condition with respect to dismissal in its order on this decision. The stay is continued meanwhile.

Settle order.

### WASSYNG v. DISABLED AMERICAN VETERANS SERVICE FOUNDATION.

United States District Court
S. D. New York.
Feb. 20, 1950.

Salzman & Kaplan, New York City, Jacob A. Salzman, New York City, of counsel, for plaintiff.

Procter, Smith & Harding, New York City, Arthur W. Procter, New York City, of counsel, for defendant.

S. H. KAUFMAN, District Judge.

Plaintiff moves for reargument of its motion for summary judgment. Defendant cross moves for dismissal of the complaint.

The facts are no longer in dispute. They are (1) that plaintiff entered a nation-wide word building and identification contest sponsored by defendant; (2) that the rules specifically provided that only words in the "English language" could be used; and (3) that defendant excluded one of the words submitted by plaintiff on the ground that it was a foreign word and not a word in the "English language".

Plaintiff claims that this exclusion was erroneous, in that the word did constitute part of the "English language", and were it not for that exclusion he would have attained the highest score.

Rule 9 of the contest rules provides in part that "each contestant by the act of sending in an entry agrees to be bound by * * * the decision of the DAV Service Foundation on any and all matters affecting the contest".

It clearly appears from defendant's affidavits, and plaintiff admits, that there was no fraud, gross mistake, irregularity or lack of good faith on defendant's part in its determination that the word used by plaintiff was invalid under the contest rules, and that defendant exercised the utmost care and good faith in the handling of all phases of the contest.

Plaintiff agreed to, and did, subject himself to the decision of defendant as conclusive, "and in the absence of fraud or such gross mistake as would necessarily imply bad faith, or a failure to exercise an honest judgment * * * [its] action in the premises is conclusive * * *." Kihlberg v. United States, 97 U.S. 398, 402, 24 L.Ed. 1106. See also Davidson v. Times Printing Co., 63 Wash. 577, 116 P. 18, 34 L.R.A.,N.S., 1164.

The motion for reargument is granted, and on reargument plaintiff's motion for summary judgment is denied and defendant's motion is granted.

Settle order on notice.