## BAEZ v. DISABLED AMERICAN VETERANS SERVICE FOUNDATION.

United States District Court
S. D. New York.

Nov. 26, 1952.

Stanley Faulkner, New York City, for plaintiff.

Procter, Smith & Harding, New York City, Arthur W. Procter, New York City, of counsel, for defendant.

IRVING R. KAUFMAN, District Judge.

Defendant moves for summary judgment. The complaint alleges that the plaintiff entered the defendant's word building contest, that his entry contained the highest score, but that he has not been awarded the prize. In a second cause of action the plaintiff alleges that his entry would have received the highest score (and at least be entitled to tie-breaking puzzles) were it not for the fact that the defendant declared other persons to be the winners of the contest and "that the decision of the defendant in declaring someone other than the plaintiff as winner was arbitrary, capricious, unfair and not impartial, and was not in accordance with the rules of the contest and the terms of the contract between the parties." The particular injustice complained of appears from the plaintiff's affidavit to be that the defendant allowed certain foreign words and proper names to be used in the winning entries contrary to Rule 8 of the contest. In three similar actions involving the same or like contests, brought by other plaintiffs, the defendant's motions for summary judgment were granted. Wassyng v. Disabled American Veterans Service Foundation, D.C.S.D.N.Y., 1950, 92 F.Supp. 275; Preuss v. DAV Service Foundation,[1] (Civ. 1331–49) (D.C.D. C., Dec. 4, 1950); Whitlock v. DAV Service Foundation [1] (Civ. 470–49) (D.C. D.C., January 14, 1952). Each of those cases was decided upon the basis that Rule 9 of the contest rules provides that "each contestant by the act of sending in an entry agrees to be bound by * * * the decision of the DAV Service Foundation on any and all matters affecting the contest" and that, therefore, the decision of the Service Foundation is final. The marked difference between the case at bar and the cited cases is that in the instant case, the charge is made in the plaintiff's opposing affidavits that the defendant was guilty of "gross mistake" (implying bad faith) in permitting the words complained of to be counted in the winning scores. In none of the cases cited by defendant was it estab-

[1.] No opinion for publication.

lished that there was either fraud, gross mistake, or lack of good faith. Judge S. H. Kaufman of this Court in granting summary judgment in the Wassyng case, supra, stated, 92 F.Supp. at page 276: "It clearly appears from defendant's affidavits, and plaintiff admits, that there was no fraud, gross mistake, irregularity or lack of good faith * * *".

■ It is now settled law, in such cases, that where the judges of a contest, whose decision, by contest rules, is to be final, are guilty of gross mistake or fraud or decide contrary to one of the rules of the contest, a person injured thereby may maintain an action for damages. Groves v. Carolene Products Co., 1944, 324 Ill.App. 102, 57 N.E. 2d 507; Davidson v. Times Printing Co., 1911, 63 Wash. 577, 116 P. 18, 34 L.R.A., N.S., 1164; Smead v. Stearns, 1915, 173 Iowa 174, 155 N.W. 307; Minton v. F. G. Smith Piano Co., 1911, 36 App.D.C. 137, 33 L.R.A.,N.S., 305. Cf. Kihlberg v. United States 1878, 97 U.S. 398, 402, 24 L.Ed. 1106.

■ By Rule 8 of the contest the Merriam-Webster New International Unabridged Dictionary (1947 Edition), and the Funk and Wagnalls New Standard Dictionary, Unabridged (1946 Edition) are the authorities to be used in the contest. The plaintiff contends that in both of those dictionaries the words complained of appear either as foreign words or as proper names. Affidavits of experts have been submitted on both sides emphasizing that triable issues exist as to whether words used in the winning entries were or were not foreign words or proper names, and, further, whether or not gross mistake or lack of good faith was present. Accordingly, I cannot usurp the function of the trial court and determine on the papers before me whether the judges of the contest were guilty of "gross mistake" or violated Rule 8 of the contest. Such a determination must await the trial.

A triable issue remaining, summary judgment must be denied. Colby v. Klune, 2 Cir., 1949, 178 F.2d 872.

Settle order.