**FURGIELE**

v.

**DISABLED AMERICAN VETERANS SERVICE FOUNDATION.**

United States District Court,
S. D. New York.

Dec. 17, 1952.

Stanley Faulkner, New York City, for plaintiff.

Procter, Smith & Harding, New York City, for defendant.

CONGER, District Judge.

Motion for summary judgment by defendant.

This lawsuit has to do with a word puzzle contest run by defendant. The

prizes offered to winners were substantial and contestants were required to pay a fee to enter the contest.

Plaintiff did so enter and did pay the required fees and submitted four solutions to the puzzle. Three of them are in dispute.

Plaintiff contends that in each of these three solutions he had the highest mark and that each of his solutions should have been marked with a higher number than that of the winning contestant.

Plaintiff asserts that defendant failed to judge plaintiff's solutions in accord with the rules and instructions of the contest and thereby breached its contract with plaintiff.

In its application for summary judgment defendant has set forth fully and at length the details of the contest, its rules and regulations, plaintiff's solutions and the manner of the solution of the contest. Plaintiff's answering affidavit, it seems to me raises no issue of fact. Practically all it does is to re-assert the language of the complaint that the contest was not decided in accord with the rules and regulations of said contest. In what manner and means the affidavit fails to state.

It does state that defendant was arbitrary in its decision in that it rejected identification of one of the pictures by plaintiff as "Animal" while defendant decided the proper word was "Walrus"; and that plaintiff used the word "Turner" while defendant decided that the proper word was "Wrench." In another, plaintiff suggested the word "Effigy" while defendant decided "Sphinx" was the proper word and again plaintiff suggested the word "Trompe" while defendant decided the proper word was "Cornet."

Plaintiff contends that defendant acted arbitrarily and in violation of the rules of the contest in not accepting plaintiff's suggested words.

Plaintiff fails in his affidavits to back up this contention. Certainly the words selected by defendant are found in the dictionary, stated in the rules as the "final word source authority" and to me the words selected by defendant are not inappropriate.

The mere statement alone that the defendant failed to judge plaintiff's solution of the puzzle in accordance with the rules of the contest, does not of itself raise a question of fact.

The whole matter comes down to this. Plaintiff is dissatisfied with defendant's solution of the puzzles. On that issue in accord with the contract between the parties, plaintiff may not succeed.

The rules of this contest, to which plaintiff agreed, among other things, provided " * * * Each contestant by the act of sending in an entry agrees to be bound by the rules and instructions and in any event with the decisions of the DAV Service Foundation and/or its committee on awards on any of the matters affecting the contest."

Here the committee on awards made its decision. Plaintiff was bound by it. In the absence of fraud, gross mistake, irregularity or lack of good faith, plaintiff is bound by the decision. Plaintiff here has made no claim or showing that fraud, gross mistake, irregularity or lack of good faith on defendant's part had anything to do with the decision of defendant and its committee in arriving at what it considered to be the proper solution of the puzzle. Wassyng v. Disabled American Veterans Service Foundation, D.C., 92 F.Supp. 275. See also Sherman v. DAV Service Foundation, decided in 1950 by Judge Morris of the U. S. D. C. for the District of Columbia. This involved the same contest here at issue. See also Preuss v. DAV Service Foundation, decided December 4, 1950 by Judge Holtzoff of the U. S. D. C. for the District of Columbia.

Motion for summary judgment granted.

Submit order on notice.