**Arthur L. YOUNKER, Plaintiff,**

v.

**DISABLED AMERICAN VETERANS SERVICE FOUNDATION, Lyman Bryson, Howard R. Driggs, Bergen Evans, Paul North Rice, Jess Stein, individually and as the Committee on Awards of the Disabled American Veterans Service Foundation, Defendants.**

**Civ. A. No. 12614.**

United States District Court
E. D. New York.
March 26, 1954.

---

Procter, Smith & Harding, Arthur W. Procter, New York City, for defendant, for the motion.

Reuben E. Gross, Staten Island, N. Y., for plaintiff, in opposition.

ABRUZZO, District Judge.

In this action the defendant makes a motion for summary judgment and for an order of dismissal of the complaint. The plaintiff entered a contest in the Annual Award Puzzle Contest of Skill conducted by the defendants in 1950. In his complaint the plaintiff's first cause of action is apparently based upon the theory that he was entitled to the prize of $50,000 in that he made the highest score, and the second cause of action is grounded in fraud.

The plaintiff was bound by Official Rule 7 and Official Rule 8. Official Rule 8 contains this clause:

"* * * each contestant by the act of sending in an entry agrees to be bound by the rules and instructions and, in any event, with the decision of the DAV Service Foundation and/or its Committee on Awards on any and all matters affecting the contest."

Rule 7 provides that the final word source authority for this contest will be the Merriam-Webster New International Dictionary, Unabridged, Second Edition (any printing from 1947 through '50).

There have been many cases in the various federal courts and one in this circuit, Furgiele v. Disabled American Veterans Service Foundation, D.C., 116 F.Supp. 375, which was decided by Judge Conger. That particular case is on all fours with the one before me. He granted summary judgment dismissing the complaint, and the opinion rendered by him in that cause of action is authority for me to do likewise. That particular case was affirmed in the Circuit Court, 2 Cir., 207 F.2d 957.

It is useless to quote from that decision because that opinion could well be the opinion in this case.

One of the main complaints made by the plaintiff is that in answer to the puzzle the Committee took the word for a musical instrument "loot" instead of the plaintiff's answer "lute." I find no force in this claim because the Merriam-Webster New International Dictionary which plaintiff knew was to be used pursuant to Rule 7 gives the spelling "loot" as a "Var. of LUTE." The Committee on Awards were the final judges and, in the absence of mistake or fraud, plaintiff's complaint must be dismissed. There is no doubt that there was no mistake by this Committee, and the question of fraud alleged in the second cause of action is disposed of by using the same reasoning found in Judge Conger's opinion.

There are other cases where the complaint under similar circumstances was dismissed. Sherman v. Disabled American Veterans Service Foundation, Civil Action 1026–1951, Jan. 14, 1952; Whitlock v. Disabled American Veterans Service Foundation, Civil Action No. 470–49, Jan. 8, 1951.

The motion for a summary judgment must be granted and the complaint dismissed.