William B. Lawless, J.
This civil action was tried by the court without a jury. Plaintiff demands that defendant deliver to him a $2,500 prize certificate as a result of a drawing conducted by defendant in January, 1959.
The facts are not in dispute. In connection with the Buffalo Auto Show week held in 1959, the defendant conducted a drawing. Contestants wrote their names and addresses on entry forms provided by the defendant, Buffalo Automobile Dealers Association, Inc., and by its terms agreed to abide by the contract rules printed on the entry form.
The following rules are of special importance in this controversy;
Bule No. 5: “ Contestants must personally completely fill out and deposit entry form in the receptacle provided for same in each participating dealers place of business.
Bule No. 6: “ Distribution of entry forms will be limited to one per person at each participating dealers place of business.
Buie No. 8: “ All decisions of the contest judges are final.
Bule No. 9; “As an entrant ip. this coptest, I agree.to the above rules,”

s\

*757 The prize was a gift certificate in the sum of $2,500 which was to be applied by the winner against the purchase of a new 1959 auto. At the time of the drawing, five tickets were drawn from the box. The first ticket belonged to Marian Ott, who is the interpleaded defendant. Ticket No. 2 belonged to plaintiff Floyd Endres. The other three tickets drawn do not enter into this controversy. When the chairman of the judges contacted the defendant, Marian Ott, she told him that she did not personally deposit her ticket in a receptacle provided for in a participating dealer’s place of business. She stated that she had secured the entry form from an automobile salesman who came by her place of employment in the City Hall of Buffalo. She typed her name and address on the ticket, signed it and gave it back to the salesman, whom she did not know. She did not know where the salesman deposited the ticket.
It was the decision of the judges that Marian Ott had not complied with rule 5 and rule 6 of the rules of the contest set forth above. After this, Mr. Harding, chairman of the judges, contacted Floyd Endres and after talking to him satisfied himself that Mr. Endres had complied with all of the rules of the contest and after obtaining an affidavit from him, as to his obtaining and depositing of the ticket and as to the other matters, the judges declared Mr. Endres to be the winner and by certificate admitted into evidence, stated that he was the winner. They notified the Buffalo Automobile Dealers Association, Inc., on February 4, 1959, that he was the winner.
Mr. Endres made demand for the certificate and was refused by the defendant because Marian Ott claimed that she was the winner. In March, 1959 an action was started by Mr. Endres to obtain a certificate. An answer was interposed and Marian Ott was interpleaded as the defendant and an order obtained directing the delivery of the certificate to the court which has been complied with.
The running of the contest was in the nature of an offer. The acceptance of this offer must conform to all the terms of tjie offer. There is no question that Marian Ott did not obtain an entry form from a participating dealer’s place of business nor did she personally deposit the entry form in a receptacle provided for deposit in a participating dealer’s place of business.
Where the rules of a prize contest provide that contestants are bound by the decision of the judges, they will be bound after the judges have made their decision unless there is fraud, gross mistake or lack of good faith on the part of the persons conducting the contest. There is no claim here that any of these situations prevail, The plaintiff, Floyd J, Endres, therefore. *758 is entitled to judgment. (See Furgiele v. Disabled Amer. Veterans Serv. Foundation, 116 F. Supp. 375, affd. 207 F. 2d 957; Smith v. American Auto. Assn., 69 Misc. 60; Ann. 67 A. L. R. 423; Clark, New York Law of Contracts, § 55; 67 A. L. R. 413; Younker v. Disabled Amer. Veterans Serv. Foundation, 137 F. Supp. 407, affd. 228 F. 2d 958.)