**William GILLMORE and Jean Gillmore, Plaintiffs-Appellants,**

**v.**

**PROCTER & GAMBLE COMPANY, Defendant-Appellee.**

**No. 18936.**

United States Court of Appeals Sixth Circuit.

Oct. 31, 1969.

Stephen W. Young, Cincinnati, Ohio (Antoinette J. Navarra, Cincinnati, Ohio, on the brief), for appellants.

Powell McHenry, Cincinnati, Ohio (Dinsmore, Shohl, Coates & Deupree, Edward W. Merkel, Jr., Cincinnati, Ohio, on the brief), for appellee.

Before O'SULLIVAN, McCREE and COMBS, Circuit Judges.

PER CURIAM.

Plaintiffs-appellants, William and Jean Gillmore, sued defendant-appellee, Procter & Gamble Company, for the sum of $47,500. Their complaint alleged that such amount was due them as winners of a contest initiated by Procter & Gamble to promote sales of its product Oxydol. The contest was called "Oxydol's $75,000 Traveler's Game Contest" and blanks to be completed by those intending to participate in the contest were distributed in Kansas where plaintiffs reside. The contest consisted of matching various "clues" set out in the rules of the game to a list of cities of the world also listed in the entry blank. Under a heading of "what to do" was the following:

. "Shown on the reverse side is a list of 18 cities of the world. Under this list of cities are 16 lettered lines. You must correctly match the clues with the cities. Some of the clues pertain to one or more of the 18 famous cities

but some clues may not apply to any city."

Further detailed instructions and "rules of the game" followed.

Plaintiffs are obviously regular entrants into such type of contest and no doubt in the past have enjoyed not only the emotional rewards of victory but some material rewards. In the contest here involved the plaintiffs allege they submitted some 600 blanks filled in as required by the instructions and all accompanied by Oxydol box tops. They claimed that the material submitted by them contained all the possible correct answers to the questions posed by the contest. Their complaint averred:

"That said contest had a first prize of $10,000.00 plus a bonus of $25,000.00 if the winning entry was accompanied by an Oxydol boxtop, and all entries submitted by plaintiffs were so accompanied, plus an additional prize of a trip around the world, or at the election of the prime winner, the sum of $12,000.00, all totalling the sum of $47,500.00."

Notwithstanding their efforts and the above claims, they were awarded a disappointing Rand-McNally Atlas as being among three thousand third prize winners.

On the reverse side of the entry blank was the following proviso:

"JUDGING—Entries will be judged by the D. L. Blair Corporation, an independent judging organization, on the basis of the correct total number entered in the box provided and number of letters correctly placed in the spaces provided. In determining the winners, the judges will penalize entries for each letter incorrectly filled in or omitted. *Judges decisions are final.*" (Emphasis supplied.)

Defendant moved for summary judgment, asserting that it was entitled thereto,

"on the grounds that there is no material issue of fact and that defendant is entitled to judgment as a matter of law. This Motion for Summary Judgment is based upon the Pleadings and Answers to Interrogatories in this case and upon the Supporting Memorandum and Affidavit filed herewith."

Among the supporting affidavits was that of Dr. Andrew Lavender, a consultant of the D. L. Blair Corporation, who described his participation in the contest as,

"writing the contest rules, selecting the specific clues and cities, and performing the research to determine the official answer to the contest."

After describing the methods employed in determining the winners, Dr. Lavender's affidavit contained this paragraph:

"13. None of the approximately 200 entries submitted by Mr. or Mrs. Gillmore qualified for a major prize (i. e., first or one of the second prizes) as all the entries submitted by plaintiffs had more errors than those submitted by the major prize winners."

There was no claim of fraud, gross mistake or bad faith in the awarding of prizes or in the construction of the rules of the contest. No oath-supported denial of the above quoted paragraph 13 of Dr. Lavender's affidavit was made by counter-affidavit or otherwise.

In his opinion granting summary judgment for defendant, the District Judge stated the applicable law:

"When the rules of such a contest provide that the decision of the judges is to be final, the courts will not interfere with the decision of the judges, unless there has been a fraud, intentional or gross mistake, irregularity, or lack of good faith. Furgiele v. Disabled American Veterans Service Foundation, 116 F.Supp. 375 (N.Y. D.C., 1952); Baez v. Disabled American Veterans Service Foundation, 13 F.R.D. 330 (N.Y.D.C., 1952)."

■■ Such is the correct rule. In addition to the finality of the contest judges' decision, the plaintiffs did not in any way traverse on oath the assertions of Dr. Lavender's affidavit that plaintiffs were not among the first or second

prize winners. On motion for summary judgment, affidavits containing allegations of dispositive facts must be denied on oath by the adverse party. "If he does not so respond, summary judgment, if appropriate, shall be entered against him." Rule 56, Fed.R.Civ.P. The undenied dispositive facts of Dr. Lavender's affidavit made the entry of judgment appropriate.

Judgment affirmed.