PHILLIPS PETROLEUM COMPANY,
a corporation, Plaintiff,

v.

Grady HAZLEWOOD and Alstar
Production Corporation, a
corporation, Defendants.

Civ. A. No. 2–1398.

United States District Court,
N. D. Texas,
Amarillo Division.

Dec. 19, 1975.

Supplemental Conclusions of Law
Jan. 6, 1976.

Thomas L. Cubbage, II, Amarillo, Tex., for plaintiff.

R. C. Hamilton, Amarillo, Tex., for Hazlewood.

John E. Morrison, Borger, Tex., for Alstar.

## MEMORANDUM OPINION

WOODWARD, District Judge.

The above case came on to be heard before the court without a jury on the 4th day of June, 1974 and the parties appeared either in person or by and through their attorneys of record. The parties submitted their evidence and argument of counsel to the court on said date and have additionally filed post-trial briefs, all of which has been considered by the court. The court now files this Memorandum Opinion which shall constitute the Findings of Fact and Conclusions of Law in this case.

In addition to the Findings of Fact contained in this memorandum, the stipulations and admissions of the parties as contained in the Pre-Trial Order dated June 4, 1974 are incorporated herein and made a part hereof and will also constitute Findings of Fact. The exhibits attached to the Pre-Trial Order have been admitted into evidence and will be referred to in this memorandum.

The controversy in this case arises out of the conflicting claims of the defendants to the proceeds for the sale of casinghead gas from a lease covering lands in Section 34, Block Y, A & B Survey, in Hutchinson County, Texas. The casinghead gas in question, and as stipulated by the parties, was actually produced from the leased premises prior to June 1, 1968 and during the time that the defendant, Grady Hazlewood, owned the leasehold estate in question.

Mr. Hazlewood had, on January 11, 1962, entered into a casinghead gas contract with Phillips Petroleum Company pertaining to the gathering, compression and delivery of gas produced from the acreage described in said lease and this agreement provided that upon delivery to the buyer (Phillips) title to the gas and all components thereof passed to and vested in Phillips. The agreement further provided for the payment of certain sums to Hazlewood as consideration of the sale of said gas. (Appendix III to Pre-Trial Order).

Prior to June 1, 1968 the casinghead gas produced from this lease was sold to Phillips under a suspended rate filed with the Federal Power Commission and the gas taken from the lease was sold at prices above the amount which had been approved by the FPC. This first price was collected from Phillips' purchaser

and Phillips paid to Hazlewood the proper sums which were then allowed by the orders of the FPC and held in suspense the excess amounts. These sums were subject to refund to Phillips' purchaser in the event they were not ultimately approved by FPC. The $56,587.60 in dispute in this case represent those sums which Phillips had received and held in escrow pending a final determination of the proper rate by FPC.

By decision effective October 1, 1970, FPC permitted an increase in the price for the gas produced for the periods involved in this case. This decision of the FPC was appealed to the courts, was affirmed, *People of the State of California, et al. v. Federal Power Commission*, 466 F.2d 974 (9th Cir. 1972), and the last date for the application for writ of certiorari by the parties to said case to the Supreme Court of the United States expired on October 28, 1972. The effect of this decision permitted Phillips to then pay the $56,587.60 to the rightful owners thereof.

By instrument dated and effective the 1st day of June, 1968 at 7:00 o'clock A.M. Grady Hazlewood assigned the lease in question to the other defendant in this case, Alstar Production Corporation. (Appendix IV to Pre-Trial Order). Alstar claims that by virtue of this assignment it acquired the right to receive the $56,587.60 which was held by Phillips. Hazlewood claims that his assignment of this lease did not pass any right, title or interest in these moneys to his assignee, Alstar.

In addition to the above, Grady Hazlewood executed a transfer of interest form to Phillips Petroleum Company certifying his transfer as of June 1, 1968 of the leasehold estate to Alstar. (Appendix VI to Pre-Trial Order).

 In similar cases presented to this court,[1] this court has previously held that assignments, similar to the ones in this case, did not pass any title to the

suspense funds for production prior to the effective date of the assignment, and that the assignor was entitled to receive said funds. The reasoning of this court in these cases is here adopted and applied to this case as it appears to the court that insofar as the assignments are concerned, same do not convey any right to moneys attributable to payment for casinghead gas that was produced and severed from the leasehold estate prior to the effective date of the assignment. An assignment of a leasehold estate conveys the real property interest created by the leasehold together with any personal property attached thereto or described in said assignment. The production of oil, gas or casinghead gas and delivery of same into a pipeline removes such production from a classification of real estate and it becomes personalty which is no longer attached to the leasehold.

The parties in this case have, in the opinion of this court, treated the production in this manner. As an example, on June 1, 1968 there had been produced certain casinghead gas during the month of May, 1968 and no amounts had been paid any parties for this production. Phillips paid to the assignor, Hazlewood, the sums to which he was entitled under the then effective FPC orders or rules, and no one has ever questioned the right of Hazlewood to receive the payment for the production during May of 1968. This is contradictory to the claim of Alstar in this case which is now claiming sums now payable for the sale of casinghead gas for all of the months prior to 1968 which are held in suspense by Phillips and represent the excess amounts due under the final FPC ruling.

It is recognized that the assignment in this case is somewhat different from the assignments in the other cases before the court in that it contains the following paragraph on page 2 thereof:

"This assignment is made subject, also, to the terms and provisions of

---

1. CA–2–1377, *A. L. Robinson, et al. v. Phillips Petroleum Company;* CA–2–1378, *Phillips Petroleum Company v. Alstar Production Corporation, et al.;* and CA–2–1356, *Phillips Petroleum Company v. J. H. Adams, et al.*

that certain Casinghead Gas Contract, made and entered into by and between Grady Hazlewood, as 'Seller' and Phillips Petroleum Company, as 'Buyer' on the 11th day of January, 1962, recorded in Volume 267, at Page 72 of the Deed Records of Hutchinson County, Texas, but covers and includes all of Assignor's rights therein and thereunder."

This court construes this paragraph as nothing more than a recognition by the parties that the sale of casinghead gas would have to be made in accordance with the contract with Phillips, and thereby protect Hazlewood from any liability on any warranties that he might have made that the title to the leasehold was free of any such encumbrance. The court reads the following from such paragraph,

" . . . but covers and includes all of Assignor's rights therein and thereunder[.]"

as a clause that must be read in connection with the last paragraph which says that:

"The effective date of this assignment is the 1st day of June, 1968, at 7:00 o'clock A.M."

It was on this effective date that Alstar became entitled to proceeds from the sale of subsequent casinghead gas to Phillips, and is the same date on which it became subject to the terms of the contract, as certainly it was not subject thereto prior to the effective date of the assignment, and it necessarily follows that commencing on this date the assignor's rights would vest in Alstar, and not prior thereto.

In summary, this court holds that when the casinghead gas was delivered to Phillips that Phillips then became liable to pay the seller any sums then due or thereafter to become due for the sale of that gas, and that this obligation or debt was not assigned by Hazlewood to Alstar. The right of Hazlewood to receive such sums, whether then definitely ascertainable or whether contingent upon further action by FPC, accrued when the casinghead gas was delivered to Phillips and the date of accrual was not the date of the FPC order as contended by Alstar.

Further, the court does not find the instrument in question to be ambiguous and that the legal effect thereof is as above set forth and that the assignment in question did not pass to Alstar any right to the disputed moneys.

The pleadings in this case show that Phillips Petroleum Company tendered the money into court on November 5, 1973 and said sum is now in the registry of this court.

■ Hazlewood has, in his counterclaim, prayed for all interest as may be allowed by law. The record further indicates that the sum in question in this case was paid by Phillips to Alstar on June 30, 1971 under an agreement that Alstar would repay, Phillips the money and indemnify it for any loss together with interest. The sum has now been repaid by Alstar to Phillips and Phillips has deposited it in the registry of the court. The court finds and concludes that the agreement between Alstar and Phillips cannot be construed as being for the benefit of Hazlewood and Hazlewood is not entitled to recover against Alstar for any interest. Further, the court construes the agreement between Phillips and Alstar to the effect that the interest called for to be paid by Alstar referred only to any interest that Phillips might be required to pay to the purchaser of the gas in the event that the FPC order was adverse to the interest of Phillips and to the other owners. This is not the interest in question in this suit as the only interest that Hazlewood is entitled to is the interest that Phillips would be required to pay while it had the "use of the money" as determined in *Phillips Petroleum Company v. Adams*, 513 F.2d 355 (5th Cir. 1975). Therefore, Hazlewood is entitled to recover interest at six percent (6%) per annum from June 1, 1968 to June 30, 1971. The amount of this interest has not been calculated but will be incorporated into the judgment

as the amount of interest rightfully due and owing to Hazlewood and the court specifically holds that Phillips is not required to pay any interest on the sum in question after June 30, 1971 because it did not have the "reasonable free use" thereof and the principles announced in the *Adams* case, *supra*, would not require Phillips to pay interest for this period.

 The court agrees with Hazlewood that this is not the normal and usual interpleader case. Phillips has consistently taken a position opposing Hazlewood's claims and supporting the claims of Alstar. It has been a true adversary proceeding amongst the parties and the court does not believe that the award of attorney's fees to Phillips in this instance would be just. Accordingly Phillips' prayer for relief in the form of attorney's fees will be denied.

The motion of Phillips Petroleum Company to deny the counterclaim of Hazlewood for interest because of the lack of jurisdiction of this court to determine the question is overruled and denied.

Accordingly this court will enter judgment awarding the sum in question to Grady Hazlewood, with interest at six percent (6%) per annum thereof from June 1, 1968 through June 30, 1971, denying Phillips Petroleum Company's recovery of attorney's fees, and assessing costs against Alstar Production Company and Phillips Petroleum Company.

## SUPPLEMENTAL CONCLUSIONS OF LAW

 Supplementing the Conclusions of Law set forth in the Court's Memorandum Opinion, filed in the above-entitled action on December 18, 1975, the Court finds, as an initial determination, that the counterclaim of Hazlewood for interest is proper under Rule 13, Federal Rules of Civil Procedure, and that the Court has jurisdiction to hear and determine the counterclaim. Phillips' technical argument that it is not an "opposing party" within the meaning of Rule 13 is not persuasive. Phillips in its Complaint prays that it be discharged from all liability in connection with the fund, which would, of course, include discharge from any liability for interest. Phillips is asking for affirmative relief against the defendant Hazlewood and, therefore, this Court feels compelled to characterize Phillips and Hazlewood as opposing parties for the purposes of Rule 13, *supra*. Further, the Court finds that defendant Hazlewood's counterclaim is "compulsory" within the meaning of Rule 13(a). Clearly, the claim for interest arose "out of the transaction or occurrence that is the subject matter of the opposing party's claim." Accordingly, there is no jurisdictional amount requirement as to the counterclaim and the Court has ancillary jurisdiction over it. *Childress v. Cook*, 245 F.2d 798 (5th Cir. 1957).