211 N.J. Super. 427 (1985)
511 A.2d 1255
LAURA ANN BRIDGES, PLAINTIFF,
v.
TONI GEORGIANA, KIWANIS CLUB OF CHERRY HILL, A NEW JERSEY CORPORATION, THE 1985 MISS NEW JERSEY SCHOLARSHIP PAGEANT, AN UNINCORPORATED ASSOCIATION, AND NATHAN ZAUBER, DEFENDANTS.
Superior Court of New Jersey, Chancery Division Hudson County.
Decided July 30, 1985.
*428 Philip Feintuch for plaintiff (Feintuch & Porwich, attorneys).
George J. Botcheos for defendants (Laskin & Botcheos, attorneys).
TARLETON, P.J. Ch.
This case deals with a legal challenge to the qualification and selection of a contestant to participate in the Miss America Scholarship Pageant. Despite the worldwide publicity surrounding *429 this event, no reported case has dealt with these issues.
Plaintiff Laura Ann Bridges, the first runner-up in the 1985 Miss New Jersey Scholarship Pageant, seeks to disqualify and replace the winner, defendant Toni Georgiana, on the ground that Ms. Georgiana did not properly qualify and should have been declared ineligible by the pageant's screening committee or executive director. Defendant Kiwanis Club of Cherry Hill is the franchised sponsor of the pageant and defendant Nathan Zauber is the executive director.
In accordance with its franchise agreement with the Miss America pageant, the New Jersey scholarship pageant rules provide that a contestant is eligible to compete if she is a State resident for six months immediately preceding the local pageant; or is a "bona fide employee" in the State for six months; or, if she is a "bona fide registered college or university student," whether or not she has been so registered for six months.
Ms. Bridges is a lifetime resident of New Jersey and is a full-time student attending a New Jersey university. She previously competed in seven beauty pageants in New Jersey and was the first runner-up in the July 6, 1985 pageant in which Ms. Georgiana was selected Miss New Jersey. Ms. Georgiana is a lifetime resident of Pennsylvania and previously competed in two beauty pageants in her home state. Ms. Georgiana bases her eligibility to enter the New Jersey scholarship pageant on having registered on May 20, 1985 at Trenton State College for a two-credit, two-week, ten-session course in contemporary health. The course was scheduled to begin on June 10, 1985, but Ms. Georgiana never attended any of the classes and received a failing grade for the course.
The New Jersey scholarship pageant's local screening committee interviewed each of the contestants and determined that Ms. Georgiana was qualified to enter on the basis of having registered for the summer school course at Trenton State. Ms. *430 Georgiana's qualifications were later challenged by some of the contestants at a pageant rehearsal. Zauber addressed this challenge and concluded that Ms. Georgiana was qualified on the basis of her Trenton State registration. This conclusion was buttressed at trial by an official of Trenton State who expressed the view that a registrant becomes a student whenever the class meets whether or not the registrant is in attendance. It is clear that Ms. Georgiana's sole motivation for college registration was to qualify her for the New Jersey scholarship pageant. Were it not for this pageant, she would not have registered at Trenton State or at any other college or university at that point in her career.
The Miss America Pageant has evolved from a modest beginning in 1921 into a major media event. The attendant pageant publicity strives to create and foster the image that each of the contestants has a definitive relationship to the state she represents and each is carefully screened and selected as that state's most qualified representative. The understandable public perception is that each contestant has a significant rather than a fleeting or transitory nexus with the represented state. There is no hint or suggestion in the pageant press communications that a contestant has a tenuous link to the state she represents or that she could conceivably be an itinerant pageant shopper.
Based upon my analysis of the evidence I conclude that, at the very least, the eligibility requirement that the contestant be a "bona fide registered college or university student" means that at the time of registration the contestant must intend to meaningfully participate in the course for which she has registered. Ms. Georgiana had no such intention. My conclusion as to her eligibility differs from those reached by the screening committee and by the executive director. Their determinations which authorize a "one day registration" to qualify Ms. Georgiana for the Miss New Jersey Scholarship Pageant erode, if not destroy, the carefully crafted public perception that each contestant has a significant connection to the represented state. I can well appreciate the public's inability to accept and comprehend *431 a "one day registration" with no class attendance as qualifying Ms. Georgiana to represent New Jersey in the Miss America Pageant.
However, notwithstanding my disagreement with the determinations of the screening committee and executive director, the Miss New Jersey Scholarship Pageant is a private enterprise which is entitled to have its rules interpreted by its chosen officials provided that the rules are followed and that there is no fraud, bad faith or gross mistake present. Cf. Gillmore v. Procter & Gamble Co., 417 F.2d 615 (6 Cir.1969); Groves v. Carolene Products Co., 324 Ill. App. 102, 57 N.E.2d 507 (App.Ct. 1944); Scott v. People's Monthly Co., 209 Iowa 503, 228 N.W. 263 (Sup.Ct. 1929); Carlini v. U.S. Rubber Co., 8 Mich. App. 501, 154 N.W.2d 595 (Ct.App. 1967); Endres v. Buffalo Automobile Dealers Association, 29 Misc.2d 756, 217 N.Y.S.2d 460 (Sup.Ct. 1961); Annotation, "[insert title]," 87 A.L.R.2d 649 (1969); 38 Am.Jur.2d, Gambling § 272 (1968).
While no case directly on point has been cited by the parties or disclosed by the court's independent research, the foregoing authorities in analagous situations demonstrate that when a legal challenge is interposed to a private contest the court's role is circumscribed and limited. Using this criterion I conclude that the determinations of the screening committee and executive director that Ms. Georgiana qualified for the Miss New Jersey Scholarship Pageant were made in good faith without fraud or gross mistake. They were based upon a reasonably debatable interpretation of the pageant rules which the pageant officials were entitled to make.
Because of the intense public interest in this case and in the Miss America Pageant, and to assure pageant credibility and continued public confidence in the integrity of the contestants' qualifications, I recommend that the Miss America Pageant officials carefully review its eligibility rules. If registration at a college or university remains as a basis for eligibility, I recommend that consideration be given to requiring class attendance *432 for a minimum number of sessions or some similar provision. I also recommend that a uniform procedure be adopted for assessing a contestant's eligibility and resolving any eligibility challenges.
In summary, the decision of whether Toni Georgiana was qualified for the Miss New Jersey Scholarship Pageant was a determination to be made by pageant officials. Since this determination was made in good faith and without fraud or gross mistake, this court may not intervene and substitute its judgment for that of the pageant officials. Accordingly, Ms. Bridges' challenge to disqualify and replace Ms. Georgiana as Miss New Jersey must fail. Her seven count complaint alleging breach of contract, unfair competition, tortious interference with prospective economic advantage and willful, wanton, fraudulent and malicious conduct has not been sustained and judgment shall be entered in favor of defendants Ms. Georgiana, Kiwanis Club of Cherry Hill, the 1985 Miss New Jersey Scholarship Pageant and Nathan Zauber. Similarly, defendants' counterclaim for indemnification has not been sustained and judgment on it shall be entered in favor of plaintiff and against defendants.