**NATIONAL AMATEUR BOWLERS, INC., Plaintiff,**

v.

**Randolf TASSOS and Sylvester G. Massa, Defendants.**

Civ. A. No. 88–2370–O.

United States District Court, D. Kansas.

June 27, 1989.

Merrill R. Talpers and Charles L. House, Kansas City, Mo., and Stephen M. Fletcher, Overland Park, Kan., for plaintiff.

Steven E. Rogers, Dallas, Tex., and Frank W. Lipsman, Smith, Gill, Fisher & Butts, Overland Park, Kan., for Randolf Tassos.

Charles R. Wilson, Overland Park, Kan., for Sylvester G. Massa.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

This interpleader action was tried to the court on Thursday, June 1, 1989. After reviewing the parties' arguments, briefs and exhibits, the court makes the following findings of fact and conclusions of law.

### FINDINGS OF FACT

Plaintiff National Amateur Bowlers, Inc. ("NABI") is an amateur bowling association. Defendants Randolf Tassos ("Tassos") and Sylvester Massa ("Massa") are members of NABI. In June 1988, defendants Tassos and Massa competed in NABI's national championship tournament, held in Las Vegas, Nevada. Both defen-

dants participated in the showcase event, the IROC–Z Bonanza tournament. The grand prize to be awarded the winner of this tournament was a 1988 Chevrolet Camaro, IROC–Z28, VIN No. 1G1FP21FOJL115601.

Defendants competed against one another in the final game of the tournament. Tassos beat Massa, and Tassos was declared the winner of first prize and Massa was declared the winner of second prize. Subsequently, the executive tournament director and president of NABI, John McCoy, disqualified defendant Tassos for failing to fully disclose his bowling history. With the first prize winner being disqualified, the second prize winner, Massa, became entitled to the grand prize.

To enter the national championship tournament, all participants were required to fill out a NABI Publicity Release Form. Defendant Tassos submitted a NABI Publicity Release Form, and in so doing agreed to abide by the NABI Tournament rules and all decisions of the Executive Tournament Director. NABI tournament rule number twelve required all participants to have a NABI Publicity Release Form on file with a complete bowling history. Defendant Tassos concedes that his publicity release form did not contain his complete bowling history. Specifically, defendant Tassos failed to disclose prior tournament prize winnings. A bowler's prior winnings are relative to determining his ability and his handicap.

Despite being informed of his disqualification, defendant Tassos claimed entitlement to the grand prize. Being informed of Tassos' disqualification, defendant Massa claimed entitlement to the grand prize. Faced with the possibility of double liability, NABI filed this interpleader action for the purpose of determining who was entitled to claim the automobile, defendant Tassos or defendant Massa.

### CONCLUSIONS OF LAW

■ The offer of a prize for the performance of a specified act in a contest, such as the NABI national championship tournament in Las Vegas, constitutes the first part of the normal offer-acceptance-consideraton equation for the formation of an enforceable contract. By competing in the contest, a competitor accepts the offer; by performing the specified act required for winning the contest, he provides the necessary consideration. *Las Vegas Hacienda, Inc. v. Gibson,* 77 Nev. 25, 359 P.2d 85, 86 (1961). The rights of a contestant who has performed the act required in the promoter's offer are limited, however, by the terms of the offer, *i.e.,* by the conditions and rules of the contest. *Bowlerama of Texas, Inc. v. Miyakawa,* 449 S.W.2d 357 (Tex.Civ.App.1970).

■ The conditions and rules of the Las Vegas contest to which defendant Tassos agreed, among other things, provided that he would disclose his complete bowling history and that he would abide by all the decisions of the executive tournament director, John McCoy. Defendant Tassos concedes that he did not disclose his complete bowling history, and thus concedes that he did not comply with the terms of the offer. This noncompliance precludes his being eligible for the contest's prize.

■ Furthermore, it has been long settled that when a contestant agrees to be bound by the decisions of a tournament director or an awards committee, such decisions are final and binding on contestants absent fraud, gross mistake, or lack of good faith. *Younker v. Disabled American Veterans Service Foundation,* 137 F.Supp. 407, 408 (E.D.N.Y.1954), *aff'd,* 228 F.2d 958 (2d Cir.1955); *Furgiele v. Disabled American Veterans Service Foundation,* 116 F.Supp. 375, 376 (S.D.N.Y. 1952), *aff'd,* 207 F.2d 957 (2d Cir.1953); *Baez v. Disabled American Veterans Service Foundation,* 13 F.R.D. 330, 331 (S.D. N.Y.1952); *Pepsi–Cola Bottling Co. of Little Rock, d/b/a/ Arkansas Beverage Co. v. Castleberry,* 1984 WL 1754 (Ark.App. Mar. 28, 1984); *Davidson v. Times Printing Co.,* 63 Wash. 577, 116 P. 18 (1911). Defendant Tassos offers no evidence which would tend to indicate that John McCoy disqualified him from the contest in bad faith or that his disqualification resulted from fraud or gross mistake. Consequent-

ly, defendant Tassos is bound by Mr. McCoy's decision to disqualify him, as he agreed to be so bound. With the disqualification of defendant Tassos, defendant Massa is entitled to the grand prize.

Two remaining issues require attention. First, plaintiff has requested an award of the costs and attorney's fees it incurred in bringing this action. Second, plaintiff seeks sanctions against defendant Tassos for the continuance filed late Thursday afternoon, May 25, 1989, only one day before the scheduled trial.

■■■ The decision to award costs and attorney's fees to a stakeholder in an interpleader action is left to the court's discretion. *Corrigan Dispatch Co. v. Casa Guzman, S.A.*, 696 F.2d 359, 364–65 (5th Cir. 1983); *United States Fidelity & Guaranty Co. v. Sidwell*, 525 F.2d 472, 475 (10th Cir.1975). A court may deny costs if a stakeholder is not a disinterested party. *Gould, Inc. v. Pension Benefit Guaranty Corp.*, 589 F.Supp. 164, 169 (S.D.N.Y.1984). In the case at hand, plaintiff NABI consistently took the position that defendant Tassos was not entitled to the automobile. Thus, NABI has been anything but a disinterested party. The court therefore does not believe that an award of costs and attorney's fees would be just. *Phillips Petroleum Co. v. Hazelwood*, 409 F.Supp. 1193, 1197 (N.D.Tex.), *aff'd*, 534 F.2d 61 (5th Cir.1976).

■■■ With regard to the eve-of-trial continuance, the court finds the conduct of defendant Tassos' counsel to warrant sanctions: when placed on a trailing docket, litigants and their counsel are expected to be ready when their case is called. Counsel was not ready. Therefore, defendant Tassos' counsel in Texas and his local counsel will be ordered to jointly pay plaintiff's counsel $145.00, which represents the additional expense incurred by plaintiff as a result of the continuance.

IT IS THEREFORE ORDERED that plaintiff National Amateur Bowlers, Inc., deliver to defendant Sylvester G. Massa the 1988 Chevrolet Camaro IROC–Z28, VIN No. 1G1FP21FOJL115601 and all necessary titling documents thereto.

IT IS FURTHER ORDERED that plaintiff's motion for costs and attorney's fees is denied.

IT IS FURTHER ORDERED that defense counsel Steven E. Rogers and Frank W. Lipsman are ordered to jointly pay plaintiff's counsel $145.00, which amount represents sanctions assessed against them for their eve-of-trial continuance.