LEWIS W. TERWILLIGER, Respondent, *v.* THE ONTARIO, CARBONDALE AND SCRANTON RAILWAY COMPANY, Appellant.

*Judgment for the value, based on a quantum meruit, of goods sold under a complaint alleging an agreed price — payment to a third party — verbal authority to receive the price.*

Under a complaint seeking to recover for goods alleged to have been sold and delivered at an agreed price, a judgment for the value of the goods is warranted, on proof of such value, when the rights of the defendant are fully protected by his being allowed to amend his answer and by the subject being fully considered in the evidence.

In an action brought to recover for certain railroad ties alleged to have been sold and delivered by the plaintiff to the defendant, a railroad company, it appeared that subsequent to the delivery by the plaintiff the defendant had paid a third party for the ties, and the defendant claimed that this payment operated to protect it as against the plaintiff, by reason of an alleged verbal agreement between the plaintiff and the third party by which the plaintiff authorized the latter to sell the ties to the defendant and receive payment therefor. It appeared that at the time of this agreement nothing was paid by the third party and no part of the property was delivered to him, and that there had been no delivery thereof to the defendant in pursuance of the alleged agreement.

The referee by whom the case was tried refused to pass upon the question whether such an agreement was made.

*Held,* that, under the facts disclosed, the third party had no valid interest in the property itself by reason of the claimed verbal agreement;

That the verbal agreement, if made, would not help the defendant unless there was a delivery in pursuance of it, and as this did not occur the existence of the agreement was not material to the case, and hence the defendant was not injured by the referee's refusal to pass upon the question as to whether the agreement was made.

APPEAL by the defendant, the Ontario, Carbondale and Scranton Railway Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of Delaware county on the 25th day of August, 1892, upon the report of a referee.

In the complaint it is alleged that in or about the months of February and March, 1890, the plaintiff sold and delivered to defendant 471 chestnut railroad ties at the agreed price of forty cents each, and 753 oak ties at the agreed price of fifty-five cents each; that the ties were taken and used by the defendant in the construction of its road; that they were counted and accepted by defendant

on or about April 5, 1890, at which time the amount therefor, $602.55, became due and payable, and no part thereof has been paid.

The defendant interposed a general denial, and also in an amended answer set up that on or about the time alleged in the complaint it bought the ties from one Marvin D. Wheeler and fully paid him for the same, and that the ties were the property of Wheeler, and he had full authority and right to sell and receive the pay. It was also alleged that the plaintiff, for a good and valuable consideration, authorized Wheeler to sell the ties to the defendant and receive the pay to his own use, and that Wheeler did thereafter sell the same to defendant and receive the pay.

The referee found, as matter of fact, that previous to and on or about October 1, 1889, the plaintiff had cut and was the owner of and in possession of the ties in question; that about October, 1889, the plaintiff had a conversation with one Edward Canfield, the chief engineer of the defendant, in which Canfield informed the plaintiff that the defendant would take such ties as were sound; that, relying on this statement, the plaintiff thereupon delivered the said ties to the defendant upon the line of its road; that they were afterward inspected by E. L. Jenks, one of the defendant's engineers, and returned to the defendant as the ties of the plaintiff on April 1, 1890; that subsequently thereto the defendant took and used them in the construction of its road; that the oak ties were worth fifty-five cents each and the chestnut ties thirty-seven cents each; that the defendant has not paid the plaintiff therefor.

As matter of law the referee found:

"*First.* There was much evidence given upon trial of this action as to a verbal agreement claimed to have been made between the plaintiff and one M. D. Wheeler, under which the plaintiff authorized the said M. D. Wheeler to sell the said ties to the defendant and receive the avails thereof and apply the same in payment for certain timber and ties cut by plaintiff on said Wheeler lands. Without passing upon this conflicting question of fact, I hold, as matter of law, that if such agreement was made as testified to by the defendant's witness, it was a contract void by the Statute of Frauds and constituted a mere license, and was revocable at any time before its consummation, and that the acts of the plaintiff and the return of the ties as plaintiff's to defendant by its engineer, as set forth in the

finding of facts herein, done subsequent to the making of the alleged agreement, was a repudiation and revocation thereof ; that the acts of the plaintiff, as so found, were sufficient notice to the defendant of such revocation.

"*Second.* That the plaintiff is entitled to judgment against the defendant for five hundred and eighty dollars and forty-two cents, with interest thereon from the first day of April, 1890, and the costs of this action." .

It appeared at the trial that in 1889 there was an unsettled account between the plaintiff and Wheeler for timber cut by plaintiff on Wheeler's lot.   Among the requests of the defendant for findings was the following :

"26. That said M. D. Wheeler then had a contract with defendant to furnish it ties to build its road, of which he informed plaintiff.    That plaintiff then and there informed said Wheeler that they were large ties (Erie), and he wanted Erie prices, and requested and authorized said M. D. Wheeler to sell said ties to defendant if he could get Erie prices, less the difference in hauling, and then and there agreed if said Wheeler could so sell said ties he could have them at such prices and apply them on the balance due from said timber, and requested said Wheeler to dispose of said ties under such arrangement to the defendant and take and apply the proceeds thereof on said timber and credit plaintiff therewith and account to him therefor."

To this request the referee replied " Not found."

*A. Taylor,* for the appellant.

*Arthur More,* for the respondent.

MERWIN, J. :

In the complaint it is alleged that the ties were sold and delivered at an agreed price.   No agreement as to price is found, but the value is found and judgment for that is ordered.   The appellant claims that under the complaint a judgment for the value is not warranted.   In *Taylor* v. *Pinckney* (3 N. Y. St. Repr. 158 ; S. C., 12 N. Y. Civ. Proc. Rep. 107, note), it was held that one may declare on a special contract, and, failing to prove such, may recover on a

*quantum meruit.*   In *Sussdorf* v. *Schmidt* (55 N. Y. 320) it was held that under a complaint to recover an alleged agreed compensation for services a recovery upon proof of, and for the value of, the services is sustainable ; that, at most, it is but a variance between the pleadings and the proof which may be disregarded unless it appear that it misled the defendant.   (See, also, *Smith* v. *Lippincott*, 49 Barb. 398.)   In the present case, the defendant's rights were fully protected, as, in view of the evidence of value, it was allowed to amend the answer, and the subject was fully considered in the evidence.   The rule, therefore, laid down in *Romeyn* v. *Sickles* (108 N. Y. 650), and invoked by the defendant, would not apply.   In fact there was no dispute as to the value, and the defendant admitted receiving, accepting and using the ties.   It was found on sufficient evidence that the plaintiff owned them and delivered them as his own to the defendant and that defendant knew of such delivery. It is quite clear that the judgment for the value was authorized by the pleadings and proof.

A more serious question is presented by the claim of the defendant, that it was entitled to have the referee pass upon the question of the existence of a verbal agreement as referred to by the referee in his first finding of law.   The response of the referee to the defendant's request, which apparently covered the subject, was " not found."   This ordinarily would be deemed sufficient in form to indicate that the request was passed upon.   (*Davis* v. *Leopold*, 87 N. Y. 621.)   It is, however, argued that the statement in the first finding of law indicates that it was not, and that the rule that in case of inconsistent findings of fact the defeated party is entitled to the benefit of those most favorable (*Schwinger* v. *Raymond*, 83 N. Y. 192) should apply.   Assume this to be so, the question is whether a finding that in or about June, 1889, there was a verbal agreement between the plaintiff and Wheeler by which the plaintiff authorized Wheeler to sell the said ties to the defendant and receive the avails thereof and apply the same in payment for certain timber and ties cut by plaintiff on Wheeler's lands, would help the defendant in view of the other facts as found or that the evidence authorizes to be found.

At the time of such agreement there was nothing paid and no part of the property was delivered.   The agreement to apply the

proceeds on a prior debt was not a payment within the statute. (*Walrath* v. *Richie*, 5 Lans. 362; *Brabin* v. *Hyde*, 32 N. Y. 519.) Wheeler, therefore, had no valid interest in the property itself by reason of the claimed verbal agreeement. He claims that he afterwards, in pursuance of this agreement, made a sale to the defendant. It was, however, verbal and nothing was then paid or delivered. So that no valid contract of sale was made by Wheeler, assuming he did have authority from plaintiff. The only delivery was afterwards and by the plaintiff, and it is found that his delivery was not in pursuance of any bargain that Wheeler had made. There is evidence that subsequent to the delivery by plaintiff the defendant paid Wheeler for the property. This is sought to be justified upon the theory that if the agreement was made between plaintiff and Wheeler, as suggested, it was an authority to Wheeler to receive the proceeds, which would operate to protect the defendant, although there was no valid contract of sale between defendant and Wheeler.

In the negotiations between Wheeler and Mr. Draper, the purchasing agent of defendant, Wheeler claimed to own the ties. He was not dealt with as being the agent of plaintiff. The plaintiff delivered the ties under the direction of the engineer of defendant, who, however, was not authorized to purchase. It was his duty to inspect, and the return which he made to the defendant of his counting and inspection was in the form of a bill or account in favor of plaintiff against defendant, in which was stated the quantity and kind of ties, the date and place of delivery, and the price and aggregate amount. Under this account, the engineer certified that the ties included in the account were delivered at the place stated, had been inspected and measured by him, and that the quantity and price were correctly stated. Draper, on receiving this return, erased the name of plaintiff and inserted the name of Wheeler, thereby changing the account from one in favor of plaintiff to one in favor of Wheeler. After this, the defendant used the ties and paid Wheeler. No notice of the change in the account was given to plaintiff, and no information of the intended payment to Wheeler.

The defendant had notice that the plaintiff delivered the ties and claimed to own them. Its agent had no right to change the account. It was not bound to accept the ties as delivered by plaintiff, but if

it did it could not repudiate the claim of plaintiff without notice to him and without any inquiry as to his rights. There is no evidence that defendant's agent made any inquiry about plaintiff's rights, and he does not testify that he relied on any supposed agency of Wheeler, or that he was not fully acquainted with plaintiff's claims.

The verbal agreement, if made, would not help the defendant unless there was a delivery in pursuance of it, and as this did not occur it was not material in the case. The referee, in effect, finds that the defendant had notice that the plaintiff repudiated any such agreement, if one was made. The evidence authorizes this conclusion.

It follows that the defendant is not injured by any refusal of the referee to pass upon the question whether such an agreement was made.

There is no other question that calls for special consideration. The judgment should be affirmed.

HARDIN, P. J., and MARTIN, J., concurred.

Judgment affirmed, with costs.