(173 App. Div. 241)

### CANET v. SMITH et al.

(Supreme Court, Appellate Division, First Department. June 16, 1916.)

1. CONTRACTS ⬅9(2)—REQUISITES—UNCERTAINTY.

A contract whereby plaintiff, who was then and continued to be in defendant's employ at a stated salary, though claiming to be employed as a salesman only, was to give defendant certain secret processes, formulas, and compounds, together with the methods of the manufacture thereof, and to thereafter elaborate such formulas, and whereby defendant was to pay plaintiff a reasonable amount from the proceeds to be realized from the sale of merchandise manufactured from such secret processes, and

---

under which plaintiff gave defendant such processes and continued to improve them for defendant's benefit and to perform all the terms of the agreement on his part, and under which the proceeds realized by defendant amounted to $75,000, of which $25,000 was alleged to be a reasonable amount due plaintiff under the contract, was so vague that the minds of the parties could not have met thereon.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 16; Dec. Dig. ⊙⇒9(2).]

2. APPEAL AND ERROR ⊙⇒1169(1)—REVERSAL—ACTION FOR BREACH OF CONTRACT.

Under such alleged contract, a judgment for plaintiff, without any proof upon which the jury could base any reasonably certain estimate of what might be a fair percentage of the proceeds, and without any rule of measurement given in the charge by which any determination whatever could be made of what would be a reasonable percentage of the proceeds, leaving the jury to estimate capriciously what they might think was a fair percentage of the profits, will be reversed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4531; Dec. Dig. ⊙⇒1169(1).]

3. CONTRACTS ⊙⇒346(12)—UNCERTAINTY—QUANTUM MERUIT.

Under an allegation of a specific contract, the terms of which are too vague and uncertain to permit a recovery thereon, proof may be given which will establish the right of recovery upon a quantum meruit.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1748; Dec. Dig. ⊙⇒346(12).]

Appeal from Trial Term, New York County.

Action by B. Charles Canet against Higbie Smith, impleaded, etc. From a judgment entered upon a verdict of a jury in favor of plaintiff for the sum of $8,252.21, and from an order denying a motion for a new trial, said Smith appeals. Judgment and order reversed, and new trial ordered.

Argued before CLARKE, P. J., and LAUGHLIN, SCOTT, SMITH, and DAVIS, JJ.

George E. Blackwell, of New York City, for appellant.
Jacob J. Alexander, of New York City, for respondent.

SMITH, J. The claim of the plaintiff as outlined in his amended complaint is upon an agreement with defendant, "in consideration of the plaintiff giving to the defendants certain secret processes, formulas, and compounds, together with the methods of the manufacture thereof and the elaborations of such formulas to be thereafter made by plaintiff, to pay to the plaintiff a reasonable amount from the profits to be realized from the sale of merchandise manufactured from the said secret processes, formulas, and compounds and elaborations thereof as long as the said defendants continued to manufacture and sell the same." The complaint further alleges that the plaintiff did give to the defendants certain secret processes, and continued for a long period of time to elaborate and improve the same for the benefit of the defendants, and perform all the terms of the agreement upon his part, and that the profits realized by the defendants from the sale of merchandise manufactured from such processes, formulas, and compounds amounted to $75,000, and that $25,000 was a reasonable

amount of such profits which were due to the plaintiff under such contract, for which amount judgment was demanded. At the time of the giving of these secret formulas the plaintiff was in the employ of the defendant at a stated salary, which was at all times paid, and he continued in that employ for a long time thereafter and until 1913. He claims to have been employed as a salesman only, and that the contract sued upon was a contract apart from his service as salesman.

In the case of Bluemner v. Garvin, 120 App. Div. 29, 104 N. Y. Supp. 1009, it was held that a contract by one architect, employing another to prepare plans for a public building for a share of the commissions received, which does not fix the amount of the commissions to be divided, or contain anything defining what would be a fair division of the commissions, or whether the commissions should be the gross or net commissions remaining as profits after deducting the necessary expenses, is too uncertain, ambiguous, and indefinite for enforcement. In that case Justice Clarke, now the Presiding Justice, reviews the authorities and gleans from them the rule of law that, if an agreement is so uncertain and ambiguous that the court is unable to collect *from it* what the parties intended, the court cannot enforce it, and since there is no obligation there is no contract. In Varney v. Ditmars, 217 N. Y. 223, 111 N. E. 822, it was held that, for the validity of an executory contract, the promise or the agreement of the parties to it must be certain and explicit, so that their full intention may be ascertained to a reasonable degree of certainty. Their agreement must be neither vague nor indefinite, and, if thus defective, parol proof cannot be resorted to. In that case the plaintiff, an architect and draftsman, was employed by the defendant at a salary of $35 per week. Defendant said to him that he was going to give him $5 more a week, and then said:

"If you boys will go on and continue the way you have been, and get me out of this trouble, and get these jobs started that were in the office three years, on the 1st of next January I will close my books and give you a fair share of my profits."

Plaintiff then continued in defendant's employment and was paid $40 a week until discharged later. Some of the work had been completed at the time of the discharge. Plaintiff sought to recover in the action for services from just prior to the time of the alleged discharge and to January 1st thereafter at the rate of $40 per week, and also for a fair and reasonable percentage of the net profits of defendant's business from the time of the conversation up to the said date. It was there held:

"That the statement alleged to have been made by the defendant about giving the plaintiff * * * a fair share of his profits is vague, indefinite, and uncertain, and the amount cannot be computed from anything that was said by the parties or by reference to any document, paper, or other transaction. The minds of the parties never met upon any particular share of the defendant's profits to be given the employés or upon any plan by which such share could be computed or determined."

In the opinion in that case Judge Chase reviews the authorities, citing the Bluemner Case heretofore cited, and other cases, and holds the rule stated in the Bluemner Case.

[1, 2] The plaintiff here has recovered upon a contract so vague that the minds of the parties could not have met thereupon, without any proof upon which the jury could base any reasonably certain estimate of what might be a fair percentage of the profits, and without any rule of measurement given in the charge by which any determination whatever could be made of what would be a reasonable percentage of the profits. The jurors were left to estimate capriciously what they might think was a fair percentage of the profits.

[3] In Varney v. Ditmars, supra, 217 N. Y. at page 231, 111 N. E. at page 825, in the prevailing opinion, it is stated:

"The rule stated from the United Press Case [164 N. Y. 406, 58 N. E. 527, 53 L. R. A. 288] does not prevent a recovery upon quantum meruit, in case one party to an alleged contract has performed in reliance upon the terms thereof, vague, indefinite, and uncertain though they are. In such case the law will presume a promise to pay the reasonable value of the services."

Under an allegation of a specific contract, proof may be given which would establish a right to recover upon quantum meruit. Terwilliger v. Ontario, C. & S. R. Co., 73 Hun, 335, 26 N. Y. Supp. 268. So under this complaint the plaintiff might have shown the reasonable value of the use of these formulas, and upon proof of the contract might have recovered such sum. See Nilsson v. De Haven, 47 App. Div. 537, 62 N. Y. Supp. 506, affirmed 168 N. Y. 656, 61 N. E. 1131. A judgment could only stand, however, upon such specific proof and upon a verdict of a jury specifically instructed as to the proper basis of their estimate.

The judgment and order should therefore be reversed, and a new trial granted, with costs to appellant to abide the event. Order filed. All concur.