JOHN P. McDONALD, Respondent, v. ACKER, MERRALL & CONDIT COMPANY, Appellant.

Second Department, May 21, 1920.

Contracts — action to recover bonus — agreement indefinite and vague — evidence as to general custom.

An agreement to pay " a liberal and very substantial bonus " in addition to a stated salary is too vague, indefinite and uncertain to form the basis of a recovery.

In an action by a hotel manager to recover " a liberal and very substantial bonus " in which the plaintiff relied on a general custom to the effect that hotel managers received five per cent of the gross receipts in addition to their salary, evidence examined and held to be insufficient to show such general custom.

A general custom is established only by proof of many instances and not by characterizations or generalizations made by witnesses.

APPEAL by the defendant, Acker, Merrall & Condit Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Suffolk on the 18th day of February, 1918, upon the verdict of a jury, and also from an order entered in said clerk's office on the 5th day of March, 1919, denying defendant's motion for a new trial made upon the minutes.

*Eugene W. Leake* [*William C. Breed* and *Hiram Thomas* with him on the brief], for the appellant.

*P. L. Housel* [*George H. Furman* and *Ralph C. Greene* with him on the brief], for the respondent.

MILLS, J.:

This is an action to recover for certain services as manager of defendant's restaurant and hotel at Camp Upton, Yaphank, Suffolk county, upon an alleged contract by which defendant agreed to pay him therefor at the rate of $250 a month and " a liberal and very substantial bonus " in addition.   The complaint alleged that plaintiff under the agreement worked from October 14, 1917, to September 1, 1918, for which he was paid only the $250 monthly salary; that defendant during that period did a gross business of $500,000 at that hotel and restaurant and that it was the custom for such a manager to receive a percentage of five per cent upon the gross proceeds of such a business and defendant had not paid plaintiff any bonus or percentage, and that, therefore, there was due to the plaintiff from defendant the sum of $25,000, for which recovery was demanded.

The answer pleaded payment in full, together with certain denials.   At the trial plaintiff testified in substance that defendant's representative in hiring him in addition to fixing the monthly salary said, " if this proposition works out I will give you a very substantial and liberal bonus," and that defendant's president confirmed that arrangement, saying, " we will take very good care of you, and you will be all right and so on, and if you take our word of honor that we will give you this bonus."   Plaintiff also attempted to prove that at the time it was customary for a hotel manager to receive in addition to a salary a percentage of five per cent of the gross receipts.   At the end of the trial defendant's counsel moved that a verdict be directed in its favor and excepted to the denial of that motion.   He also made the appropriate motions for the dismissal of the complaint.

The learned trial justice in his charge instructed the jury that if they found a general custom established to allow such a percentage and the contract was to pay plaintiff " a liberal and substantial bonus," they could give a verdict for

the plaintiff for five per cent of $466,375, the gross receipts of the business under plaintiff's management, which percentage amounted to $23,318.75, and that if they did not so find their verdict must be for the defendant. The verdict was for the plaintiff for the full amount.

Appellant here presents three contentions in support of its appeal, namely:

(a) That the contract as evidenced by plaintiff's own testimony was so indefinite as to the bonus as to be nonenforcible.

(b) That no custom to allow a percentage to such a manager when the percentage was not specifically provided for by the contract of hiring was proven, and

(c) That the contract as to the bonus testified to by plaintiff, viz., " and if this proposition works out " fairly meant that no bonus was to be given unless the enterprise resulted in a profit to the defendant while plaintiff was manager; and that no such profit was realized.

I think that the first of those contentions is well made. In *Varney* v. *Ditmars* (217 N. Y. 223) the Court of Appeals held that the promise, " I will  *  *  *  give you a fair share of my profits " outside of the weekly salary at the close of the year, was too " vague, indefinite and uncertain " to form the basis of a recovery. (217 N. Y. 227.) The majority opinion suggested that in such a case possibly a recovery might be had upon the basis of a *quantum meruit*. (217 N. Y. 232.) The dissenting opinion by CARDOZO, J., suggested that upon such a contract there may be a recovery upon proof of " a percentage regulated by custom " (217 N. Y. 233), which suggestion may in turn have suggested this instant action.

It seems to me that the instant case falls within the principle of the *Varney Case (supra)*.

It is quite a common thing these days for a business concern, for instance, a bank or title company, at the close of a prosperous year to give a bonus to its employees, but I think that no obligation to do so can be spelled out from that practice, or even from a statement made as a part of the transaction of employment that a bonus will be given.

As to the second contention, I think that the evidence was entirely insufficient to establish any such general custom. At most it tended to show that the ordinary way of paying

Second Department, May, 1920.          [Vol. 192.

such a manager was to allow him a fixed salary and a percentage of five per cent upon the gross receipts, but the evidence did not at all tend to show that there was any such custom apart from there being an agreement to that precise effect in each case.

Plaintiff's witness Ritchey summed the matter up by saying, " most always " when a percentage is paid " it is the subject of agreement between the parties." Moreover, a general custom is established only by proof of instances and not by characterization or generalizations made by witnesses. It appears that only five instances of the allowance of such a percentage were proven by plaintiff, namely, one proven by the plaintiff, two proven by plaintiff's witness Noble, and two by plaintiff's witness Doremus; and as to neither instance did it appear that the five per cent was not specifically agreed upon in the contract of hiring. The learned counsel for the defendant seems not to have objected to the general evidence of custom, although he contends here, and as I think correctly, that custom can be proven only by proof of many instances. (*Rosenstein* v. *McCutcheon*, 155 App. Div. 278.)

I advise, therefore, that the judgment and order appealed from be reversed and a new trial granted, with costs to abide the event.

JENKS, P. J., RICH, PUTNAM and BLACKMAR, JJ., concur.

Judgment and order reversed and new trial granted, with costs to abide the event.