## DAVIS v. GENERAL FOODS CORPORATION.

District Court, S. D. New York.
June 3, 1937.

Ira W. Levitas, of New York City (Harold L. Garner and Hyman Mark, both of New York City, of counsel), for plaintiff.

Lester E. Waterbury, of New York City (Lester E. Waterbury and Mansfield C. Fuldner, both of New York City, of counsel), for defendant.

**446**

CLANCY, District Judge.

This is a motion brought pursuant to rule 112 of the Rules of Civil Practice for judgment on the pleadings dismissing the complaint on the ground that it does not state facts sufficient to constitute a cause of action.

The complaint alleges that the plaintiff and the defendant entered into an agreement whereby the plaintiff, at the special instance and request of the defendant, revealed to the defendant the plaintiff's new idea and recipe for the making and sale of fruit flavors to be used in the household for the making of ice cream and that the defendant agreed to pay to the plaintiff a reasonable compensation for the disclosing of the said idea and recipe if the defendant should thereafter use the same in its business. The complaint further alleges that the plaintiff duly performed all the terms and conditions of the said agreement on her part to be performed, but that, although the defendant used the idea and recipe in its business, it has failed and refused to pay the plaintiff any compensation.

In her bill of particulars, which may properly be considered on this motion (Dineen v. May, 149 App.Div. 469, 134 N.Y.S. 7), the plaintiff stated that the agreement was contained in a letter addressed to an officer of the defendant to the effect that the plaintiff had an idea for a new food product and for the form of merchandizing thereof by the defendant and the following letter received in reply from the defendant:

"General Foods Corporation
"Postum Building, 250 Park Avenue
"New York
"Lewis W. Waters
"Vice President
                    "February 13th, 1934.
"Miss Beatrice Davis,
"172 West 79th St.,
"New York, N. Y.
"Dear Miss Davis:
"This will acknowledge your letter of February 10th addressed to Mr. E. F. Hutton.
"We shall be glad to examine your idea for a new food product, but only with the understanding that the use to be made of it by us, and the compensation, if any, to be paid therefor, are matters resting solely in our discretion.
"Very truly yours,
          "[Signed] Lewis W. Waters
"LWW/s                    Vice President."

This letter is so indefinite as to terms that it cannot give rise to a binding obligation. As is stated by Williston in section 43 of his Revised Edition on the Law of Contracts, 1936: "One of the commonest kind of promises too indefinite for legal enforcement is where the promisor retains an unlimited right to decide later the nature or extent of his performance. This unlimited choice in effect destroys the promise and makes it merely illusory." Chiapparelli v. Baker, Kellogg & Co., 252 N.Y. 192, 169 N. E. 274; section 32, Restatement Law of Contracts.

However, the plaintiff urges that this does not prevent her recovering upon quantum meruit and relies on the principle set forth in Varney v. Ditmars, 217 N.Y. 223, 111 N.E. 822, Ann.Cas.1916B, 758, United Press v. New York Press Co., 164 N.Y. 406, 58 N.E. 527, 53 L.R.A. 288, and Canet v. Smith, 173 App.Div. 241, 159 N.Y. S. 593, to the effect that, where a party has performed in reliance upon an alleged contract, the terms of which are too vague and indefinite for enforcement, the law will presume a promise to pay reasonable value and will permit proof thereof to be given under an allegation in the complaint of an express contract. Assuming that the complaint contains sufficient averments to enable the plaintiff to recover the value of the recipe without reference to the allegations of the agreement (see Sussdorff v. Schmidt, 55 N.Y. 319 and Blair Engineering Co. v. Page Steel & Wire Co., 3 Cir., 288 F. 662), I am of the opinion that the facts as alleged in the complaint, supplemented by the bill of particulars, are inconsistent with the existence of a contract implied in fact and do not give rise to a quasi contract or obligation implied in law. See Miller v. Schloss, 218 N.Y. 400, 113 N.E. 337.

Woodward, in section 65 of his work on Quasi Contracts, states that, where the form or character of the promise leads to the conclusion that the plaintiff did not rely upon it as a contractual obligation but trusted the fairness and liberality of the defendant, there is not only no contract but no misreliance upon a supposed contract, and consequently no legal obligation whatever.

This is my construction of the defendant's understanding "that the use to be made of it (the recipe) by us, and the compensation, if any, to be paid therefor, are matters resting solely in our discretion." Webster's

New International Dictionary, Second Edition, defines "discretion" when used in the sense of "at one's discretion" as meaning "at will; according to one's judgment or pleasure." As employed in the context of the defendant's letter when viewed in the light of the facts disclosed by the pleadings the word "discretion" must receive this interpretation. Woodward, supra, quotes the case of Taylor v. Brewer, 1 Maule & S. 290, also reported in 105 English Reports 108, where the plaintiff was promised that "such remuneration be made as shall be deemed right." Lord Ellenborough, C. J., was of the opinion that this "was an engagement accepted by the bankrupt on no definite terms, but only in confidence that if his labour deserved anything he should be recompensed for it by the defendants." This was throwing himself upon the mercy of those with whom he contracted." The opinion of Bayley, J., was that "it was to be in the breast of the committee whether he was to have anything, and if anything, then how much." This is one of the leading English cases on the subject and was followed in Roberts v. Smith, 4 Hurl. & N. 315, reported in 157 English Reports 861. Also see McDonald v. Acker, Merrall & Condit Co., 192 App.Div. 123, 182 N.Y.S. 607, and other cases collected in 92 A.L.R. 1391.

Accordingly, I am obliged to grant the defendant's motion and to hold that the plaintiff in disclosing her recipe relied upon the good faith and sense of fairness of the defendant corporation to recompense her for the value of the recipe.