ROGENSUES v. CHRYSLER CORPORATION

1. CONTRACTS — EMPLOYEE SUGGESTION PLAN — AWARDS — DENIAL OF AWARD.

An employee, to recover an improperly denied award under his employer's suggestion plan must show that the award committee did not make its decision within the framework of the award plan's rules or based its decision upon a gross or palpable mistake.

2. CONTRACTS—EMPLOYEE SUGGESTION PLAN—AWARD—DECISION OF COMMITTEE.

Decision of an award committee denying an award to a plaintiff-employee under his employer's suggestion plan was proper where the employee's proposal for packing an article only called attention to the problem and alluded in general terms to various classes of material which might be used to form a solution and did not set forth a definite solution as required by the plan's rules and where there was no gross or palpable mistake.

Appeal from Macomb, George R. Deneweth, J. Submitted Division 2 April 16, 1970, at Detroit. (Docket No. 7,260.) Decided June 24, 1970.

Complaint by Walter Rogensues against the Chrysler Corporation for failure to pay an award under

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 53 Am Jur, Master and Servant § 71.

an employee suggestion plan.  Judgment for plaintiff.  Defendant appeals.  Reversed and remanded.

*Charles J. Moceri,* for plaintiff.

*Walter B. Maher,* for defendant.

Before:  T. M. Burns, P. J., and Levin and Davidson,* JJ.

Davidson, J.  Plaintiff submitted a suggestion under defendant's Employee Suggestion Plan, proposing the use of "Plastic or the type builders use, Paper or what is suitable and less costly" in packing brakeshoes instead of the heavy cardboard then in use.  The suggestion was turned down.  A fellow employee subsequently suggested using "lighter weight cardboard."  This was adopted and an award made to him under the plan.  Plaintiff instituted suit, asking for a similar award to him on the basis that his suggestion was the same and had priority under the plan.  Defendant alleged that the suggestions were substantially different and that plaintiff's suggestion was not used.

The trial court properly determined that in order to allow plaintiff to recover, it was required to find that the defendant's Award Committee did not make its decision within the framework of the rules of the plan or that the decision was based upon gross or palpable mistake.  *Carlini* v. *United States Rubber Company* (1967), 8 Mich App 501.  This was the trial court's conclusion.

Defendant asserts that the trial court's findings were clearly erroneous.  GCR 1963, 517.1; *Weeks* v. *Conservation Department* (1968), 9 Mich App 429; *Shaw* v. *Wiegartz* (1965), 1 Mich App 271.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

In *Hughson* v. *O'Reilly* (1967), 7 Mich App 324, 326, we adopted the following definition of this term:

"A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. *United States* v. *United States Gypsum Co.* (1948), 333 US 364, 395 (68 S Ct 525, 542, 92 L Ed 746, 766)."

It is not disputed that the two suggestions related to the same problem. The plan, however, requires that the suggestion not only define the problem, but also propose a solution. The testimony and exhibits reveal that the solution proposed by plaintiff was not the same as that proposed by the fellow employee. In fact the plaintiff did not propose a definite solution but in reality only called attention to the problem and then alluded in general terms to various classes of material which might be used to form a solution. The suggestion of the fellow employee to whom the award was given was adopted, namely, lighter weight cardboard. As a result, plaintiff's suggestion did not meet the requirements of the plan, and the decision of the defendant's Award Committee in denying recovery was within the framework of the rules and not based upon gross or palpable mistake.

Thus, upon a review of the entire record, we are convinced that the findings of the trial court are not supported therein.

Reversed and remanded for entry of judgment for the defendant with costs.

All concurred.