**Michael R. DIDLEY, Plaintiff,**

v.

**GENERAL MOTORS CORPORATION, Defendant.**

No. 89–CV–144A.

United States District Court, W.D. New York.

Sept. 22, 1993.

David C. Steinhilber, Buffalo, NY, for plaintiff.

Arnold Weiss, Buffalo, NY, for defendant.

## INTRODUCTION AND PROCEDURAL BACKGROUND

ARCARA, District Judge.

This case was referred to Magistrate Judge Carol E. Heckman, pursuant to 28 U.S.C. § 636(b)(1)(B), on June 4, 1992. On March 2, 1992, defendant filed dismissal and summary judgment motions pursuant to Fed. R.Civ.P. 12(b)(1), 12(b)(6), 12(c), 12(h)(2), 12(h)(3) and 56(b). Defendant also asserted that the complaint should be dismissed for failure adequately plead fraud and mistake pursuant to Fed.R.Civ.P. 9(b).

On March 4, 1993, Magistrate Judge Heckman filed a Report and Recommendation. Magistrate Judge Heckman recommended denying defendant's motion as to the first, second, sixth and seventh claims; granting defendant's motion as to the third, fourth, fifth, eighth, ninth and tenth claims, but granted plaintiff an opportunity to file an amended complaint as to these claims.

Defendant filed objections to the Report and Recommendation on March 15, 1993. Specifically, defendant objected to Magistrate Judge Heckman's recommendation to deny defendant's motion as to the second and seventh claims. Defendant also objected to the Magistrate Judge's recommendation to allow plaintiff to amend his complaint.

On April 27, 1993, the Court requested the attorneys to discuss possible settlement of the action with their clients and report back on May 13, 1993. The Court also scheduled oral argument for that date on defendant's objections. Defense counsel failed to appear on May 13, 1993 and the Court rescheduled oral argument for May 26, 1993. Defense counsel then sought an adjournment of the May 26 oral argument. The Court granted defense counsel's request to adjourn oral argument until June 2, 1993. Defense counsel again failed to appear. Because defense counsel has repeatedly failed to appear for oral argument, the Court now deems defendant's counsel to have waived oral argument on his objections.[1]

## DISCUSSION

Objections to a Magistrate Judge's Report and Recommendation are governed by Local Rule 30(a)(3) which provides that "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection shall be *supported by legal authority*." (emphasis supplied). Magistrate Judge Heckman's Report and Recommendation cautioned the parties that "*[f]ailure to comply with the provisions of [Local] Rule 30(a)(3) ... may result in the District Court's refusal to consider the objection*." Item No. 52, at 11 (emphasis in original).

■ Defendant's objections are not supported by any legal authority and therefore do not comply with Local Rule 30(a)(3). *See* Item No. 53. Failure to comply with the Court's Local Rules constitutes sufficient basis to dismiss defendant's objections since courts have broad discretion in interpreting and applying their Local Rules. *Green v. Dorrell,* 969 F.2d 915 (10th Cir.1992), *cert. denied,* — U.S. —, 113 S.Ct. 1336, 122 L.Ed.2d 720 (1993); *Smith v. Oelenschlager,* 845 F.2d 1182 (3d Cir.1988); *Miranda v. Southern Pac. Transp. Co.,* 710 F.2d 516, 521 (9th Cir.1983); *Camardo v. General Motors Hourly–Rate Employees Pension Plan,* 806

---

1. The Court notes that Local Rule 17(a) permits the Court, in its discretion, to deem counsel's repeated failure to appear at oral argument "an abandonment of the case." *Id.* Accordingly, it would not be inappropriate for the Court to find defendant in default and to enter judgment for plaintiff. However, the Court declines to do so in this instance, but will not hesitate to do so in the future should counsel fail to appear before the Court when directed to do so.

F.Supp. 380, 382 (W.D.N.Y.1992). Moreover, the Report and Recommendation advised the parties that the district court may decline to consider an objection not in compliance with the Local Rules. Accordingly, the Court dismisses defendant's objections for failure to comply with Local Rule 30(a)(3).[2]

Further, the Court has carefully reviewed the Report and Recommendation of Magistrate Judge Heckman and, for the reasons stated therein, adopts the recommendations to deny defendant's summary judgment motion as to the first, second, sixth and seventh claims and to grant defendant's summary judgment motion as to the fourth and ninth claims. Magistrate Judge Heckman further recommends granting defendant's summary judgment motion as to the third, fifth, eighth and tenth claims with leave to replead. The Court adopts Magistrate Judge Heckman's proposed disposition as to these claims, however, instead of granting defendant summary judgment, the Court dismisses the third, fifth, eighth and tenth claims pursuant to Fed.R.Civ.P. 9(b) because of plaintiff's failure to plead fraud and mistake with particularity. *See* Item No. 52, at 8–10. The Court grants plaintiff leave, pursuant to Fed.R.Civ.P. 15(a), to file an amended complaint by November 1, 1993.

IT IS SO ORDERED.

## REPORT AND RECOMMENDATION

HECKMAN, United States Magistrate Judge.

This case was referred to the undersigned by the Hon. Richard J. Arcara pursuant to 28 U.S.C. § 636(b)(1)(B) to hear and report on Defendant's motion to dismiss and/or for summary judgment.

For the reasons set forth below, the District Court should grant Defendant's motion and in part and deny it in part.

## BACKGROUND

This case was filed in state court on January 11, 1989, and was removed by Defendant on February 1, 1989 based on diversity jurisdiction. The complaint sets forth ten causes of action stemming from two suggestions submitted by Plaintiff in June and October of 1984 under the "Employee Suggestion Plan" implemented by Defendant General Motors Corporation. The first suggestion, No. H0353, involved increasing the headstock speed on axle shaft grinders by changing the drive belts on internal pulleys in the grinding machine, thereby reducing surface burn on the grinders and soft bearings on the axle shafts (*see* Item 44, Exh. A). The second suggestion, No. H0538, involved substituting regular drill points with radial-tipped "Racon" drill points so as to eliminate "burrs" or hinged metal fragments (also called "flying saucers") from the drill holes in axle shaft tubes.

The first five claims relate to Plaintiff's suggestion No. H0353. The first claim is for breach of contract and seeks damages of $15,270.99 plus interest. The second claim seeks the same damages based on the reasonable value of Plaintiff's suggestion and sounds in *quantum meruit.* The third claim generally alleges that Defendant's "offer and representations were false at the time they were made and were known by the Defendant to be false" (¶ 22). The fourth claim alleges that Defendant negligently and/or recklessly miscalculated the value of Plaintiff's suggestion No. H0353. The fifth claim generally alleges "intentional, willful and/or malicious miscalculation."

Claims six through ten are parallel to one through five, except they relate to the second suggestion, No. H0538, and seek damages of $3,454.96 plus interest. Plaintiff also claims that, in addition to actual damages, he is entitled to punitive damages of $10,000,000.00 plus costs and attorneys fees.

Under the "Rules of the General Motors Suggestion Plan" (set forth on the back of the "Employee Suggestion Form," submitted as Exh. C to Item 25), where the benefits resulting from an employee's suggestion are measurable or capable of estimate, the employee is entitled to an award in the amount of one-fifth of the total net savings, up to a maximum of $20,000.00, resulting from the

---

**2.** The Court notes that this is not the first time that counsel has failed to comply with Local Rule 30(a)(3) when objecting to a Report and Recommendation. *See Camardo,* 806 F.Supp. 380.

implementation of the employee's suggestion (see Item 1, ¶¶ 4–5). The rules also provide:

> ALL DECISIONS FINAL—Decisions by the Suggestion Committee are final. However, if at any time an employee wishes to reopen a suggestion and presents new or additional information, the Suggestion Committee, at its discretion, will review its decision.

Item 25, Exh. C. The rules are implemented by the "General Motors Suggestion Plan Operating Manual" (Item 44, Exh. D).

According to the complaint, Plaintiff's suggestion No. H0353 was accepted by Defendant on June 15, 1984, and resulted in savings of over $167,000.00 during the 12 months following implementation. Plaintiff claims that he was eligible for the maximum award of $20,000.00, but was only paid $4,729.01.

The complaint also alleges that suggestion No. H0538 was submitted jointly with another employee and was implemented shortly thereafter. Plaintiff claims that Defendant realized net savings of over $128,000.00 during the 12 months following implementation of suggestion No. H0538, and that he is entitled to his $10,000.00 share of the full compensation for this suggestion, but has only received $6,545.04 (*id.*, ¶¶ 40–47).

## DISCUSSION

■ It is well-established that the processing of a suggestion pursuant to an employee suggestion plan creates a contractual relationship between the employee and the employer under the rules of the plan. *See Milich v. Schenley Industries, Inc.*, 54 A.D.2d 659, 387 N.Y.S.2d 641 (1st Dept. 1976), *aff'd*, 42 N.Y.2d 952, 398 N.Y.S.2d 145, 367 N.E.2d 651 (1977) (cited in *Sterling v. General Motors Corp.*, No. 419213, slip op. at 7 (Conn.Super.Ct.1987) (copy attached as Exh. A to Item 27)); *see also Carlini v. United States Rubber Co.*, 8 Mich.App. 501, 154 N.W.2d 595 (1967).

■ Defendant nevertheless contends that this court lacks subject matter jurisdiction over Plaintiff's complaint since the Suggestion Plan contains an explicit "finality" provision stating that the Suggestion Committee's decisions are final. It is also well-established that where, as here, the employee suggestion plan contains a provision stating that all decisions of the suggestion committee are final, the employee is bound by the suggestion committee's decision. The only exceptions are if (1) the decision was not made within the framework of the rules governing the suggestion plan, (2) the suggestion committee acted fraudulently or in bad faith, or, (3) the decision was based on gross mistake. *Sterling v. General Motors Corp., supra*, slip op. at 7–8; *Carlini v. United States Rubber Co., supra*, 154 N.W.2d at 597; *Quate v. Hydra–Matic*, 1990 WL 169109 (S.D.Ind. 1990) (copy attached as Exh. B to Item 27).

■ Defendant cites *Davis v. General Foods Corp.*, 21 F.Supp. 445 (S.D.N.Y.1937), for the proposition that an employee proceeding under the rules of a suggestion plan is bound by those rules, and cannot recover in court what is not awarded under the plan. *Davis* involved an exchange of letters between the plaintiff and the defendant in which the defendant agreed to consider plaintiff's recipe for fruit flavors with the understanding that the use of the recipe, and compensation to be paid to plaintiff for such use, were "matters resting solely in [the defendant's] discretion." 21 F.Supp. at 446. According to the court, this agreement constituted an illusory promise "too indefinite for legal enforcement" since the promisor retained the unlimited right to decide the nature or extent of his performance. *Id.*

However, the weight of authority set forth above, and not contradicted by the *Davis* case, is that such an employee suggestion plan does indeed create an enforceable contract under the guidelines established by the *Carlini* case.

*Carlini* involved appellate review of an entry of summary judgment by the trial court on the ground that the finality of the suggestion committee's decision prevented the plaintiff from obtaining a judicial determination regarding the propriety of the award. The appellate court reversed, finding the record "insufficient to allow a final ruling at this stage as to the precise boundaries of the Suggestion Committee's discretionary

power." *Carlini, supra,* 154 N.W.2d at 598. The court found that the "finality" provision of the suggestion plan was not against public policy.

> But that is not to say that the mere pleading of that provision bars plaintiff from the courts. It may be, when the facts are known and the contract is interpreted in its entirety with respect to them, that the Committee will be found to have acted within the limits of the authority conferred upon it. Or it may be that the Committee will be found to have misinterpreted or stepped outside the boundary of its competence.

*Id.*

Accordingly, the Court does have subject matter jurisdiction over the complaint. The next question is whether Defendant is entitled to summary judgment.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In assessing the record to determine whether there is a genuine issue as to any material fact, the court is required to resolve all ambiguities and draw all factual inferences in favor of the party against whom summary judgment is sought. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986); *Rattner v. Netburn,* 930 F.2d 204, 209 (2d Cir.1991).

Applying this body of law to Plaintiff's complaint, it is clear that summary judgment must be granted as to some of the claims but denied as to others due to the existence of genuine issues of material fact. What follows is an analysis of each of the ten claims.

■ The first and sixth claims allege that the Defendant failed to follow its own suggestion plan rules. This is a recognized exception to the general rule that plans with finality provisions are not judicially reviewable. *See, Carlini v. United States Rubber Co., supra.*

Plaintiff's papers in opposition to Defendant's motion discuss in some detail the facts relating to the alleged rule violations. Defendant disputes these facts and argues that these types of violations are not the kind that would give rise to the exception to the general rule. However, this determination cannot be made without necessarily determining disputed issues of fact as to the processing of the two employee suggestions. Compare Defendant's statement of material facts (Item 26) to Plaintiff's statement (Item 46). Accordingly, summary judgment must be denied as to these claims.

■ The same analysis applies to claims two and seven, which seek the reasonable value of Plaintiff's suggestions. These claims sound in *quantum meruit* and should be treated the same way as claims one and six.

■ The third and eighth claims, however, must be dismissed for failure to allege fraud with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure. To satisfy Rule 9(b), a complaint "must adequately specify the statements it claims were false or misleading, give particulars as to the respect in which plaintiff contends the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements." *Cosmas v. Hassett,* 886 F.2d 8, 11 (2d Cir. 1989). While knowledge of the fraud or intent to defraud on the part of the defendant may be alleged generally, Rule 9(b) also requires that such allegations of "scienter" be supported by facts giving rise to a strong inference that defendant knew the statements to be false and intended to defraud plaintiff. *Ouaknine v. MacFarlane,* 897 F.2d 75, 80 (2d Cir.1990); *Beck v. Manufacturers Hanover Trust Co.,* 820 F.2d 46, 50 (2d Cir. 1987), *cert. denied,* 484 U.S. 1005, 108 S.Ct. 698, 98 L.Ed.2d 650 (1988); *Finkel v. Stratton Corp.,* 754 F.Supp. 318, 328–29 (2d Cir. 1990).

■ It is apparent that Plaintiff fails to satisfy these pleading requirements. The Complaint alleges that "prior to on or about June 15, 1984 ..., Defendant offered, agreed, and otherwise promised to compensate its employees for submitted and adopted suggestions ..." pursuant to its Suggestion Plan (Item 1, ¶ 4). This vague, conclusory

allegation does not sufficiently identify which particular statements are false or misleading, nor does it specify when, where and by whom such statements were allegedly made.

In the event that the court determines that Plaintiff's complaint is deficient in its fraud allegations, Plaintiff has requested leave to amend pursuant to Rule 15(a). That rule states that leave to amend "shall be freely given when justice so requires." Defendant has not opposed this relief, and I see no reason why leave to amend should not be given as to the third and eighth claims.

■ The fourth and ninth claims sound in negligence. Plaintiff has not cited any authority for a negligence claim against an employer for failure to follow an employee suggestion plan. Any duty to compensate an employee for suggestions can only come from the terms of the employee suggestion plan. The caselaw discussed above clearly establishes that the basis for potential employer liability is breach of contract, not negligence. Accordingly, these claims should be dismissed for failure to state a claim upon which relief can be granted.

■ The fifth and tenth claims allege "intentional, willful and/or malicious miscalculation." Plaintiff argues that these claims, like the fraud claims contained in the third and eighth causes of action, are sufficient to plead the "bad faith" or gross mistake" exceptions to the general rule that suggestion plans with finality provisions are not judicially reviewable. Under Rule 9(b), claims of mistake, just as claims of fraud, "shall be stated with particularity." For the same reasons set forth above relating to the third and eighth causes of action, the fifth and tenth claims fail to meet the pleading requirements of the Federal Rules of Civil Procedure. They must be dismissed with leave to amend.

## CONCLUSION

For the reasons set forth above, it is recommended as follows:

1. that Defendant's motion for summary judgment be denied as to the first, second, sixth and seventh claims in the complaint;

2. that Defendant's motion for summary judgment be granted as to the third, fourth, fifth, eighth, ninth and tenth claims in the complaint; and

3. that Plaintiff be given an opportunity to file an amended complaint as to the third, fifth, eighth and tenth claims in the complaint no later than April 15, 1993.

**SO ORDERED.**

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED,** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 30(a)(3).

*Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order. Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Wesolek, et al. v. Canadair Ltd., et al.,* 838 F.2d 55 (2d Cir.1988).

The parties are reminded that, pursuant to Rule 30(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." *Failure to comply with the provisions of Rule 30(a)(3), or with the similar provisions of Rule 30(a)(2) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.*

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendants.

**SO ORDERED.**

542

DATED: Buffalo, New York
February 11, 1993