■ LAWRENCE RUTKOWSKI, Respondent-Appellant, v HILL, BETTS & NASH, Appellant-Respondent. [613 NYS2d 874] —Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered November 10, 1993, which awarded plaintiff judgment in the sum of $31,536.24, unanimously affirmed, without costs.

The Partnership Agreement unambiguously gives a withdrawing partner his proportionate share of the firm's net income, multiplied by the percentage of the fiscal year completed as of withdrawal from the partnership—here 1/12. In the context of the entire Agreement, this means 1/12 of the full fiscal year's net income. To construe the Agreement otherwise would render meaningless the clause requiring an estimated amount in cases of uncertainty, with an adjustment to be made at the end of the fiscal year. Such a construction is to be avoided, if possible *(see, Two Guys v S.F.R. Realty Assocs.,* 63 NY2d 396, 403).

The plain language of the Agreement also makes all bonus payments discretionary with the Management Committee. The language "fair share" is too vague and indefinite to comprise a limitation of the Management Committee's discretion *(see, McDonald v Acker, Merrall & Condit Co.,* 192 App Div 123, 125). Denial of the bonus was not a response to the plaintiff's failure to enter into a non-competition agreement *(see, Cohen v Lord, Day & Lord,* 75 NY2d 95). Concur—Murphy, P. J., Rosenberger, Ross, Rubin and Williams, JJ.